C.A. NO. 4:22-cv-00476-O

In the
United States District Court for the Northern District of Texas
Fort Worth Division

---

**ANTONIO LOPEZ-VICTORINO,**
FATHER OF GERARDO LOPEZ-ORENDAY, DECEASED, INDIVIDUALLY AND AS
INDEPENDENT ADMINISTRATOR OF THE ESTATE OF GERARDO LOPEZ-ORENDAY,
DECEASED, AND BLANCA ORENDAY, MOTHER OF GERARDO LOPEZ-ORENDAY, DECEASED,
*Plaintiffs*,

v.

**BRIAN LYNN COLBURN, GREGORY LYNN BONK, TARGET CORPORATION,
HOGAN DEDICATED SERVICES, LLC, HOGAN PERSONNEL, LLC,
HOGAN TRANSPORTS, INC., AND HOGAN SERVICES, INC.,**
*Defendants*,

v.

**MARIA JACKSON,**
WIFE OF GERARDO LOPEZ-ORENDAY, DECEASED,
*Intervenor.*

---

## PLAINTIFFS' AND INTERVENOR'S
## JOINT MOTION TO REMAND

---

**M. Kevin Queenan**
  State Bar No. 16427150
**Carlos Lopez**
  State Bar No. 24083414

**QUEENAN LAW FIRM, P.C.**                          ATTORNEYS FOR PLAINTIFFS
731 Station Drive                                   ANTONIO LOPEZ-VICTORINO, FATHER OF
Arlington, Texas 76015                              GERARDO LOPEZ-ORENDAY, DECEASED,
(817) 635-3333                                      INDIVIDUALLY AND AS INDEPENDENT
(817) 635-4444 (FAX)                                ADMINISTRATOR OF THE ESTATE OF
                                                    GERARDO LOPEZ-ORENDAY, DECEASED, AND
                                                    BLANCA ORENDAY, MOTHER OF GERARDO
                                                    LOPEZ-ORENDAY, DECEASED

**Jeffrey L. Weinstein**
   State Bar No. 21096450

**WEINSTEIN LAW**
518 East Tyler Street
Athens, Texas 75751                                        ATTORNEY FOR INTERVENOR
(903) 677-5333                                                 MARIA JACKSON, WIFE OF
(903) 677-3657 (FAX)                          GERARDO LOPEZ-ORENDAY, DECEASED

## **JOINT MOTION TO REMAND**

TO THE HONORABLE REED O'CONNOR,
    UNITED STATES DISTRICT COURT JUDGE:

    Plaintiff Antonio Lopez-Victorino, Father of Gerardo Lopez-Orenday, Deceased, individually and as Independent Administrator of the Estate of Gerardo Lopez-Orenday, Deceased, and Blanca Orenday, Mother of Gerardo Lopez-Orenday, Deceased ("Plaintiffs"), and Maria Jackson, Wife of Gerardo Lopez-Orenday, deceased ("Intervenor"), file this, their joint motion to remand, accompanying brief, and appendix, and respectfully request that this cause be remanded to the 96th Judicial District Court of Tarrant County, Texas (the "Trial Court") where this cause was originally and properly filed, pursuant to 28 U.S.C. § 1447(c), and, in support thereof, show the following:

    1.    This motion is timely because it is being made within thirty (30) days after the filing of the Notice under 28 U.S.C. § 1446(a).[1]

    2.    This suit arises out of a tragic and wholly unnecessary disaster that occurred at a Target Distribution Center located in the vicinity of 4333 Power Way, Midlothian, Ellis County, Texas (the "Distribution Center"), that occurred on October 10, 2020. On that date, just before daybreak, Mr. Lopez-Orenday was tragically struck by a TICO truck (hereinafter referred to as the "TICO Truck") being operated by Defendant Brian Lynn Colburn ("Defendant Colburn").

    3.    On May 12 and 13, 2022, Plaintiffs and Intervenor added claims in the suit pending in the 96th Judicial District Court of Tarrant County, Texas against Target Corporation ("Target"); and Hogan Dedicated Services, LLC ("Hogan Dedicated"), Hogan Personnel, LLC ("Hogan Personnel"), Hogan Transports, Inc. ("Hogan Transports"), and Hogan Services, Inc. ("Hogan Services") (collectively referred to herein as the "Hogan Defendants"). [Doc. 6, pg. 142, and pg. 189].

---

[1] *See* 28 U.S.C. § 1447(c).

4. Target improperly removed this action to this Court for a second time on June 1, 2022 when it filed its purported joint notice of removal (the "Notice"). After Target's first removal attempt, this Court quickly remanded same. The evidence demonstrated in the joint motion to remand and brief in support of same will show that the Court should remand this matter a second time.

5. The Notice does not include the signature of any attorney representing the Hogan Defendants.[2] [*See* Doc. 1, pg. 24] Therefore, contrary to Target's assertion, not all parties have joined in the removal. Despite being titled as a joint notice on behalf Target and "the Hogan Defendants" and not bearing such signature, Target failed to provide any representation that any counsel for the Hogan Defendants consented to the electronic signing of the Notice on their behalf, in violation of Local Rule 11.1. [*See* Doc. 1, pgs. 1 and 24]. Consequently, due to the lack of consent by the Hogan Defendants, this matter should be remanded for failure to satisfy the unanimity rule/unanimous consent rule.[3] Failure to comply with the unanimity rule **alone** is a basis for remand.

6. Remand is further appropriate in this matter, because, despite the conclusory assertions made, Defendant Colburn and Defendant Gregory Lynn Bonk ("Defendant Bonk") are not co-employees of the deceased, Gerardo Lopez-Orenday ("Mr. Lopez-Orenday"), and were not fraudulently joined. The documentary evidence unequivocally demonstrates the employer of Mr. Lopez-Orenday was Hogan Personnel, Defendant Colburn was employed by Hogan Dedicated–a separate and distinct entity, as admitted by Target–and Defendant Bonk was employed by Hogan Services–another separate and distinct entity, as admitted by Defendant Bonk himself. None shared a common employer, and none

---

[2] Purportedly including Hogan Dedicated, Hogan Personnel, Hogan Transports, and Hogan Services.

[3] *Marquette Bus. Inc. v. Am.'s Kitchen, Inc.*, No. CIV.A. 3:09-CV-1937-D, 2010 WL 1711767, at *2 (N.D. Tex. Apr. 28, 2010) (citations omitted) (removal is unavailable for failure to comply with the "unanimity rule"); *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir.1992) (referring to "unanimous consent rule").

were co-employees, as contended by Target. The defendants have been all over the map on their positions on this topic. Target sponsored an affidavit in the first removal with a Hogan entity officer testifying that Mr. Lopez-Orenday was NOT employed by Hogan Personnel. Then, the Hogan Defendants filed a declaratory judgment action in this Court asserting Mr. Lopez-Orenday IS employed by Hogan Personnel. In its intervention in state court, Target judicially admitted Hogan Transports was the employer of Mr. Lopez-Orenday. Clearly, the defendants will attempt to spin the employer/employee relationship in whatever fashion suits their needs. Given the undisputed facts that the documents reflect different employers, that Defendants Colburn and Bonk are residents of the State of Texas, and that viable causes of actions against each exists, this suit should be remanded.

7. Further, even if this Court were to reach the conclusion that Defendant Colburn was a co-employee of Mr. Lopez-Orenday, remand is still necessary. As a co-employee, Defendant Colburn would not be immune from exemplary damages resulting from his grossly negligent conduct, and, as such, there exists a viable cause of action against him. The right to pursue said action against Defendant Colburn continues to be recognized by both relevant Federal and Texas state courts. It has been specifically held that, just as the employer is subject to suit for exemplary damages, the fellow employee at fault is also subject to suit for recovery of exemplary damages.[4]

8. The removing party bears the **heavy burden** of demonstrating improper joinder.[5] The statute is **strictly construed**, with "any doubt about the propriety of removal resolved **in favor of remand**."[6] To attempt to support Target's position, this Court will be required to "pre-try" issues that

---

[4] *Dudley v. Comm. Public Serv. Co.*, 108 F.2d 119, 122–23 (5th Cir. 1939).

[5] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699, 701 (5th Cir.1999).

[6] *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (emphasis added).

this Court is not required to do in order to remand this matter. Specifically, a required analysis of all the evidence, including that which remains to be discovered, will be necessary to determine whether Defendant Colburn, Defendant Bonk, and Mr. Lopez-Orenday are co-employees.

9. Lastly, it is not in dispute that Plaintiffs, Intervenor, Defendant Colburn, and Defendant Bonk are and have been residents and citizens of the State of Texas. The same is true as it relates to Defendants Colburn and Bonk–all undisputed facts, thus, the citizenship. Accordingly, there is no diversity of citizenship.

10. Target dedicates a majority of its Notice to attempting to demonstrate purported bad faith on behalf of Plaintiffs and Intervenor as an excuse for removing this matter beyond the one-year rule. Target's assertion of bad-faith is not supported in law or in fact. While Plaintiffs and Intervenor, of course, vehemently dispute there was any bad faith, the issue is a red-herring and is moot. Given that this matter is ripe for remand for the reasons stated above, an objection to the Notice being filed beyond the one-year rule is not necessary.

11. Target titled a section indicating a motion to transfer of venue as part of its Notice, but Target failed to provide any briefing or justification for granting any such motion. Given its failure to satisfy its burden to demonstrate why a transfer of venue is warranted, Target's motion to transfer venue should be in all things denied.

12. The extent of the actions taken by Target in this matter rise to the level warranting the award of reasonable attorney fees and just costs associated with Target's removal in an amount to be determined by this Court. Plaintiffs and Intervenor hereby respectfully request this Court order Target to pay Plaintiffs and Intervenor reasonable attorney fees and just costs associated with Target's removal in an amount to be determined by this Court to the extent allowed under 28 U.S.C. § 1447(c).

...

WHEREFORE, PREMISES CONSIDERED, Plaintiffs and Intervenor respectfully pray that this Honorable Court grant Plaintiffs' and Intervenor's joint motion to remand, deny the motion to transfer venue, remand this cause to the 96th Judicial District Court of Tarrant County, Texas, with the cost of such remand taxable to Target, award Plaintiffs and Intervenor reasonable attorney fees and costs, and for such other and further relief, both general and special, at law and in equity, to which Plaintiffs and Intervenor may be justly entitled.

Respectfully submitted,

By: /s/ M. Kevin Queenan
   M. Kevin Queenan, SB#16427150
   service@queenanlaw.com
   Carlos Lopez, SB#24083414
   carlos@queenanlaw.com

731 Station Drive
Arlington, Texas 76015
(817) 635-3333
(817) 635-4444 (FAX)

ATTORNEYS FOR PLAINTIFFS ANTONIO LOPEZ-VICTORINO, FATHER OF GERARDO LOPEZ-ORENDAY, DECEASED, INDIVIDUALLY AND AS THE INDEPENDENT ADMINISTRATOR OF THE ESTATE OF GERARDO LOPEZ-ORENDAY, DECEASED, AND BLANCA ORENDAY, MOTHER OF GERARDO LOPEZ-ORENDAY, DECEASED

OF COUNSEL:

QUEENAN LAW FIRM, P.C.
731 Station Drive
Arlington, Texas 76015
(817) 635-3333
(817) 635-4444 (FAX)

Respectfully submitted,

By: /s/Jeffrey L. Weinstein
   Jeffrey L. Weinstein, SB#21096450
   jeff@weinsteinteam.com

518 East Tyler Street
Athens, Texas 75751
(903) 677-5333
(903) 677-3657 (FAX)

ATTORNEY FOR INTERVENOR
MARIA JACKSON, WIFE OF GERARDO
LOPEZ-ORENDAY, DECEASED

OF COUNSEL:

WEINSTEIN LAW
518 East Tyler Street
Athens, Texas 75751
(903) 677-5333
(903) 677-3657 (FAX)

## CERTIFICATE OF CONFERENCE

    This is to certify that M. Kevin Queenan, one of the attorneys for Plaintiffs, has complied with the meet and confer requirement and has made a reasonable effort on June 30, 2022 to determine whether counsel for Defendant Colburn, Defendant Bonk, Target, and the Hogan Defendants are opposed to Plaintiffs' and Intervenor's motion to remand. Each have indicated they are opposed.

    /s/ M. Kevin Queenan
    M. Kevin Queenan

Respectfully submitted,

By: /s/Jeffrey L. Weinstein
   Jeffrey L. Weinstein, SB#21096450
   jeff@weinsteinteam.com

518 East Tyler Street
Athens, Texas 75751
(903) 677-5333
(903) 677-3657 (FAX)

ATTORNEY FOR INTERVENOR
MARIA JACKSON, WIFE OF GERARDO
LOPEZ-ORENDAY, DECEASED

OF COUNSEL:

WEINSTEIN LAW
518 East Tyler Street
Athens, Texas 75751
(903) 677-5333
(903) 677-3657 (FAX)

## CERTIFICATE OF CONFERENCE

    This is to certify that M. Kevin Queenan, one of the attorneys for Plaintiffs, has complied with the meet and confer requirement and has made a reasonable effort on June 30, 2022 to determine whether counsel for Defendant Colburn, Defendant Bonk, Target, and the Hogan Defendants are opposed to Plaintiffs' and Intervenor's motion to remand. Each have indicated they are opposed.

    /s/ M. Kevin Queenan
    M. Kevin Queenan

## **CERTIFICATE OF SERVICE**

       This is to certify that a true and correct copy of the above and foregoing document has been served on the following parties via ECF on this 30th day of June, 2022:

| | |
|---|---|
| Michael C. Wright, Esq.<br>Steven L. Russell, Esq.<br>RUSSELL & WRIGHT, PLLC<br>15770 Dallas Parkway, Suite 1050<br>Dallas, Texas 75248 | Britton St. Onge, Esq.<br>POLSINELLI PC<br>100 S. Fourth Street, Suite 1000<br>St. Louis, Missouri 63102 |
| Jeffrey L. Weinstein, Esq.<br>WEINSTEIN LAW<br>518 East Tyler Street<br>Athens, Texas 75751 | Donna C. Peavler, Esq.<br>Sara Kimbrough Scudday, Esq.<br>PEAVLER\|BRISCOE<br>2215 Westgate Plaza<br>Grapevine, Texas 76051 |
| Caitlin J. Morgan, Esq.<br>McCall Kathryn Bauersfeld, Esq.<br>POLSINELLI PC<br>2950 N. Harwood Street, Suite 2100<br>Dallas, Texas 75201 | Roy T. Atwood, Esq.<br>ATWOOD GAMEROS, L.L.P.<br>6116 N. Central Expressway, Suite 1400<br>Dallas, Texas 75206 |

                                                                                 /s/ M. Kevin Queenan
                                                                                  M. Kevin Queenan

J:\1168\1\PLEADINGS\FEDERAL\MOTION TO REMAND\MOTION TO REMAND.wpd