IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTONIO LOPEZ-VICTORINO, FATHER OF GERARDO LOPEZ-ORENDAY, DECEASED, et al. | § § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | |
| BRIAN LYNN COLBURN, et al. | § § | Civil No. 4:22-cv-476-O |
| *Defendants*, | § § | |
| vs. | § § | |
| MARIA JACKSON, SPOUSE OF GERARDO LOPEZ-ORENDAY, DECEASED, | § § § § § | |
| *Intervenor*. | § | |

**BRIEF OF DEFENDANTS COLBURN AND BONK
IN RESPONSE TO MOTION TO REMAND**

Defendants Brian Lynn Colburn ("Colburn") and Gregory Lynn Bonk ("Bonk") file this brief in response to the motion to remand jointly filed by Plaintiffs and Intervenor. Colburn and Bonk anticipate that Target and the Hogan entities will file a comprehensive response to the motion to remand and this brief addresses two discrete issues: (1) whether Colburn, Bonk, and Gerardo Lopez-Orenday were co-employees for purposes of the Texas Workers Compensation Act ("TWCA") and (2) whether the TWCA precludes a gross negligence claim against a co-employee. If the answer to both questions is "yes," Colburn and Bonk were improperly joined in this case and the motion to remand, to the extent it alleges a lack of diversity based on citizenship of Colburn and Bonk, should be denied. This brief also raises

1

the issue of supplemental jurisdiction and whether the Court should deny the motion to remand on that basis.

**1.      Were Lopez-Orenday, Colburn, and Bonk co-employees?**

Colburn, Bonk, and Lopez-Orenday worked at the Target Distribution Center (the "Target DC") in Midlothian, Texas. Colburn and Lopez-Orenday were drivers, operating yard trucks to "spot" (move) full or empty trailers in and out of warehouse dock doors. Bonk was their supervisor. None of the men was employed by Target. The yard spotting work was done per the terms of a contract between Target and Hogan Dedicated Services, LLC ("Hogan Dedicated"). Claimants[1] do not dispute any of these facts.

Despite the fact all three men were doing work for Hogan Dedicated at the Target DC, Claimants maintain they were employed by three different Hogan entities and were not co-employees. Their argument is frivolous, ignoring certain key facts and attempting to create fact issues where none exist.

Claimants assert Lopez-Orenday was employed by Hogan Personnel, LLC ("Hogan Personnel") and point to a paystub and a USCIS Form I-9 as proof of this.[2]  What Claimants fail to tell the Court is that their counsel has documentary evidence conclusively showing Colburn was also employed by Hogan Personnel. Specifically, the Hogan entities produced to all counsel, including Claimants' counsel, personnel files for both Lopez-Orenday and

---

[1]    Intervenor was not part of this suit when it was originally filed but joined it as an intervenor after Colburn pointed out that parents of a worker killed on the job, such as Plaintiffs, have no standing under the TWCA to bring a claim for gross negligence. Intervenor's claims are the same as those made by Plaintiffs. Given their aligned interests, this brief refers to Plaintiffs and Intervenor collectively as "Claimants."

[2]    The paystub is Exhibit 3 of Plaintiff's Appendix [Doc. 36-3]; the Form I-9 is Exhibit 2-C [Doc 36-2, pp. 19-20].

Colburn. Those files included various documents showing both men were employed by Hogan Personnel, including their paystubs, 2020 Forms W-2, and various HR forms the men signed when they were hired. For example, here are the relevant portions of the men's 2020 Forms W-2: [3]

 

In short, the same types of evidence Claimants rely on to prove Lopez-Orenday worked for Hogan Personnel exists for Colburn. Instead of advising the Court of this evidence, Claimants argue in their motion to remand that Colburn was employed by a different Hogan entity – Hogan Dedicated – and cite to affidavits and deposition testimony by Scott Randall. There is no dispute that Randall testified Colburn was employed by Hogan Dedicated.[4] Claimants make much of this testimony, but it does not prove Lopez-Orenday and Colburn were not co-employees. Indeed, Claimants' counsel admits the documentary evidence shows the men were co-employees:

---

[3] Copies of these Forms W-2, with sensitive information redacted, are included in the Colburn-Bonk Appendix at Colburn-Bonk App 001 and 002.

[4] Randall also testified that Lopez-Orenday was employed by Hogan Dedicated. Deposition of Scott Randall, at 75-76, 155-156 (Colburn-Bonk App. 007-008, 010-011). Claimants also left that fact out of their motion.

> **The documents produced in this litigation reflect that Defendant Colburn and Mr. Lopez-Orenday were employees of HOGAN PERSONNEL, LLC.**

Doc. 49, at 2. Claimants' counsel had the personnel files for the men at the time they filed their motion to remand and the allegation in that motion that Messrs. Colburn and Lopez-Orenday had different employers shows a lack of candor with the Court. There is no genuine dispute that the two men were both employed by Hogan Personnel.

The evidence shows the men were also both employed by Hogan Dedicated, for whose benefit they provided services. The concept of dual employment is not a novel concept. Under Texas law, a person may have more than one employer for purposes of the TWCA.[5] This often arises when companies use a "common paymaster," defined as the situation in which "two or more related corporations concurrently employ the same individual and compensate such individual through a common paymaster which is one of such corporations." 26 U.S.C. § 3306(p).  Use of such payroll/HR structures is so widespread that the Texas Labor Code requires the Texas Workforce Commission ("TWC") to adopt rules for implementation of common paymaster situations in the state. TEX. LABOR CODE § 201.011(11). According to TWC, a common paymaster situation exists when "separate, related companies establish an entity solely for the purpose of handling personnel and payroll matters for the members of that group, or else allow one of the members of the group to handle payroll matters for the rest of the group's members."[6] As explained by TWC, TEX. LABOR CODE § 201.046 "provides that ***the employer is the employing unit that receives the benefit of the***

---

[5] "An employee may have more than one employer within the meaning of the TWCA, and each employer may raise the exclusive remedy provision as a bar to the employee's claims." *W. Steel Co. v. Altenburg*, 206 S.W.3d 121, 123 (Tex. 2006) (per curiam).

[6] Texas Workforce Commission, *Alternatives to Hiring Employees Directly: Payrolling*, ¶ 3, https://www.twc.texas.gov/news/efte/alternatives_to_hiring.html (accessed July 29, 2022).

4

***work performed***, regardless of whether the employees are hired and paid by the employing unit or its agent."[7] Here, Hogan Dedicated had a contract with Target to perform services at the Target DC.[8] Men nominally employed by Hogan Personnel (including Lopez-Orenday and Colburn) worked at the Target DC as yard drivers for Hogan Dedicated. Bonk, who was nominally employed by Hogan Services, Inc., worked at the Target DC as a fleet manager for Hogan Dedicated.[9] As the Hogan Dedicated fleet manager, Bonk had authority to hire the yard drivers and was responsible for their training and supervision.[10] Hogan Dedicated controlled, and received the benefit of, the work of all three men and was their employer for purposes of the TWCA. Plaintiffs' counsel Kevin Queenan deposed Scott Randall in October 2021 and learned in that deposition that Hogan Personnel and Hogan Services were paymasters.[11] That the men were paid by Hogan Personnel or Hogan Services does not mean Hogan Dedicated was not also their employer.[12] The evidence Claimants had in their possession, but did not include in their motion to remand, conclusively shows all three men were co-employees. The evidence also shows, and Claimants have not contested, that all the Hogan entities were named insureds under the same workers compensation insurance

---

[7] *Id*. (emphasis supplied).

[8] Claimants do not dispute this and, indeed, affirmatively allege it. *See* Plaintiffs' Second Amended Petition, ¶ 4.09 [Doc. 6, at PageID 2130]; Intervenor's Second Amended Petition, ¶ 4.09 [Doc. 6, at PageID 2176].

[9] Bonk's email signature block showed his title was fleet manager for Hogan Dedicated and he testified that he worked for Hogan Dedicated from January 2018 until March 2021. Deposition of Greg Bonk, at 260-261 and Ex. 24 (Colburn-Bonk App. 019-020, 024-025).

[10] Bonk Dep., at 27-28, 64 (Colburn-Bonk App. 016-017, 018).

[11] Randall Dep., at 45-46, 152 (Colburn-Bonk App. 005-006, 009).

[12] *Cf. Waste Mgmt. of Tex., Inc. v. Stevenson*, 622 S.W.3d 273, 277 n.2 (Tex. 2021) ("The undisputed fact that Stevenson was Taylor Smith's employee does not dictate whether Stevenson was also Waste Management's employee.")

policy. The answer to the first question is yes, the three men were co-employees.

## 2.   Does TWCA preclude gross negligence claims against co-workers?

Colburn and Bonk have each asserted they are immune from suit because the TWCA does not allow claims against employees of a subscribing employer, including gross negligence claims. Claimants argue co-workers may be sued for gross negligence. This is an issue of law bearing directly on whether Colburn and Bonk were properly joined as defendants.

The TWCA expressly prohibits claims against co-workers of a person injured or killed on the job if the employer provided workers compensation benefits:

> Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer of the death of or a work-related injury sustained by the employee.

TEX. LABOR CODE § 408.001(a). The TWCA goes on to provide for the "recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission *of the employer* or *by the employer's gross negligence*." TEX. LABOR CODE § 408.001(b) (emphasis added). Claimants do not dispute that § 408.001(b) does not mention co-employees and instead argue the Texas Constitution provides a "homicide remedy" against co-employees that the Texas Legislature cannot take away. In making this argument, Claimants rely on *Dudley v. Comm. Public Serv. Co.*, 108 F.2d 119 (5th Cir. 1939), a case decided over 50 years before the TWCA was enacted in 1993. In contrast to the 80-year old *Dudley* opinion is a 2011 opinion from the Texas Supreme Court, which explained the TWCA does not take away remedies for workplace injuries, but limits them: "… a limited form of immunity is extended in conjunction with a comprehensive

workers' compensation scheme, one designed to provide an alternative form of compensation to the traditional tort remedies in some cases. That immunity, unlike sovereign immunity, does not entirely preclude a plaintiff's recovery, it merely limits recovery to the statutory scheme." *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 90 (Tex. 2011). There is nothing constitutionally infirm in § 408.001's exclusive remedy scheme.

In this case, the statutory scheme precludes common law claims against co-employees altogether. The gross negligence exception to immunity carved out in § 408.001(b) is, by its express language, limited to "the *employer's* gross negligence" and does not mention co-employees. TEX. LABOR CODE § 408.001(b) (emphasis added). This issue of whether the heirs of a deceased worker have a claim against a co-worker for gross negligence was extensively discussed by the court in *Garrett v. Patterson-UTI Drilling Co., LP*, 299 S.W.3d 911 (Tex.App. – Eastland 2009, pet. denied). In that case, the court considered "whether a wrongful death claimant can assert a gross negligence claim against the decedent's co-employee when the employer has workers' compensation insurance." *Id.*, at 914. In deciding that issue, the court disposed of the constitutional argument made by Claimants, holding that "Section 26 [of the Texas Constitution] does not mandate any broader recovery than the decedent could have obtained had he survived" and that wrongful death actions may be limited or barred by the decedent's acts. *Id.,* at 916. In *Garrett*, that act was a waiver of the right to assert claims against co-employees by the decedent's acceptance of coverage as an election of remedies. *Id.* ("Even constitutional rights can be contractually waived."). Here, the evidence is that Lopez-Orenday did not opt out of Hogan's workers compensation benefits. Plaintiff Antonio Lopez-Victorino admits he does not know of any communications in which Lopez-Orenday opted out of those benefits or communicated to

7

Hogan Personnel or Hogan Dedicated that he wished to retain his common law rights to recover damages for personal injuries.[13] "[T]he exclusive remedy for an employee who does not opt out is the recovery of workers' compensation benefits for personal injuries sustained in the course of employment." *Exxonmobil Corp. v. Kirkendall*, 151 S.W.3d 594, 599 (Tex. App.—San Antonio 2004, pet. denied).

Lopez-Orenday's decision not to opt out of compensation benefits was an election of remedies that limited his remedies for any on-the-job injury to workers compensation benefits. As explained in *Garrett*, Lopez-Orenday's beneficiaries have no greater rights than he would have had if he had survived the accident. Because Lopez-Orenday limited his remedies by not opting out, his beneficiaries also have limited remedies. Under the plain language of § 408.001, this includes recovery of statutory compensation benefits, plus the ability to seek exemplary damages for any intentional acts or omissions or gross negligence <u>by his employer</u>. Neither Colburn nor Bonk employed Lopez-Orenday and neither has any liability for exemplary damages under § 408.001(b). The answer to the second question is yes, the TWCA precludes gross-negligence claims against co-employees. Because there is no possibility of recovery against Colburn or Bonk, they were not properly joined in this case.[14]

## 3.   The Court should exercise supplemental jurisdiction.

Alternatively, should the Court find that Colburn and Bonk were properly joined, it should retain jurisdiction of this case per 28 U.S.C. §1367 – Supplemental Jurisdiction. The

---

[13]   *See* Plaintiff Lopez-Victorino's Supplemental Responses to Interrogatories No. 1, 2, and 3 (Colburn-Bonk App. 028).

[14]   *E.g.*, *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 817 (5th Cir. 1993) (corporations immune from suit under state workers compensation law were not properly joined).

Hogan entities filed an original proceeding in this Court, seeking a declaratory judgment. Claimants' motion to dismiss that case for lack of subject matter jurisdiction was denied by the Court and that case is now consolidated with this action.[15] The Court found in its Order consolidating the two cases that: "Both cases arise from the same circumstances and share common questions of law and fact."[16] This satisfies the requirement for supplemental jurisdiction that the personal injury claims be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Per section 1367(c), a court may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (citing 28 U.S.C. § 1367(c)). In the present case, none of these factors weighs in favor of remand. The only potentially "novel or complex issue of State law" is one this Court must determine in order to decide the remand motion – namely, were Colburn and Bonk improperly joined. The state law claim and the claim over which this Court has already exercised jurisdiction are so intertwined as to not support a finding that one predominates over the other – the central issue in both cases is whether the Claimants' damages are limited by the TWCA. This Court has not dismissed any

---

[15] *See* June 24, 2022 Order [Doc. 22] in *Hogan Dedicated Services, LLC, et al. v. Antonio Lopez-Victorino, et al.*, No. 4:21-cv-1184-0.

[16] *Id.*, at 4.

claims and there are no exceptional circumstances compelling remand. Hogan and Target are diverse defendants entitled to have their claims determined in federal court. The claims against Colburn and Bonk, who are admittedly not diverse, to the extent such claims exist, may be heard in this Court under its supplemental jurisdiction.

## Summary

The evidence clearly shows that Claimant's decedent, Colburn, and Bonk were all employed by Hogan Dedicated, despite the fact they had other nominal employers as paymasters. There is no dispute the Hogan entities were workers compensation subscribers. The claims against Colburn and Bonk are barred by the TWCA and they were not properly joined in this case. Alternatively, this Court can, and should exercise supplemental jurisdiction over any claims against Colburn and Bonk.

Based on the foregoing, Defendants Colburn and Bonk respectively request the motion to remand be denied.

Date: August 1, 2022.

*/s/ Steven L. Russell*
Michael C. Wright
Texas Bar No. 22049807
mwright@rwtrial.com

Steven L. Russell
Texas Bar No. 17437040
srussell@rwtrial.com

**RUSSELL & WRIGHT, PLLC**
15770 Dallas Parkway, Suite 1050
Dallas, Texas 75248
(972) 267-8400
**ATTORNEYS FOR DEFENDANT**
**BRIAN LYNN COLBURN**

/s/ *Roy T. Atwood*
Roy T. Atwood
Texas Bar No. 01428040
royatwood@atwoodgameros.com

**ATWOOD GAMEROS, LLP**
6116 N. Central Expressway, Suite 1400
Dallas, Texas 75206
(214) 559-7399
(214) 481-5502 - Fax
**ATTORNEY FOR DEFENDANT**
**GREGORY LYNN BONK**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all counsel of record using the Court's ECF system on August 1, 2022.

/s/ *Steven L. Russell*
Steven L. Russell

11