IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTONIO LOPEZ-VICTORINO, *et al.,* | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| BRIAN LYNN COLBURN, *et al.*, | § | |
| Defendants, | § | CIVIL ACTION NO. 4:22-cv-476 |
| | § | |
| v. | § | |
| | § | |
| MARIA JACKSON, | § | |
| Intervenor. | § | |

---

## TARGET AND THE HOGAN DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' AND INTERVENOR'S MOTION TO REMAND

---

**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
   **Sara Kimbrough Scudday**
   State Bar No. 24073675
   sscudday@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT TARGET CORPORATION**

-   AND   -

**Caitlin J. Morgan**
State Bar No. 24074757
cmorgan@polsinelli.com
   **McCall K. Bauersfeld**
   State Bar No. 24116524
   mbauersfeld@polsinelli.com
**POLSINELLI PC**
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
214-397-0030 (telephone)
214-397-0033 (fax)

**ATTORNEYS FOR DEFENDANTS HOGAN DEDICATED SERVICES, LLC, HOGAN PERSONNEL, LLC, HOGAN TRANSPORTS, INC. and HOGAN SERVICES, INC**

Filed August 1, 2022

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iv

I.  FACTS AND EVIDENCE SUPPORTING REMOVAL ................................................. 1

    A.  The Hogan Defendants ................................................................................. 1

    B.  The Hogan Defendants' Workers' Compensation Insurance Policy ................. 2

    C.  Employment of Lopez-Orenday and Brian Colburn................................. 3

    D.  Lopez-Orenday, Colburn, and Bonk's Work at the Distribution Center............ 4

II.  ALL PROPERLY-JOINED DEFENDANTS JOINED IN THE REMOVAL ..................... 5

    A.  Plaintiffs and Intervenors' "Gotcha" Argument Fails. ...................................... 5

    B.  The Fraudulently-Joined Defendants Need Not Consent to Removal. .............. 7

III.  COLBURN AND BONK WERE FRAUDULENTLY JOINED ...................................... 8

    A.  Standard ...................................................................................................... 8

    B.  A Defendant Immune from Liability Is Fraudulently Joined. ............................ 8

        1.  Employees May Have More Than One Employer for Purposes of the Workers'-
            Compensation Exclusive-Remedy Bar. .............................................. 9

        2.  Lopez-Orenday, Colburn, and Bonk Each Had More Than One Employer............... 10

        3.  All Three Individuals Were Employees of Hogan Dedicated Because It Had
            the Right to Control Their Work................................................................. 11

        4.  Bonk Was Further Fraudulently Joined Because He Owed Lopez-Orenday No
            Independent Duty and Hence Cannot Be Personally Liable. ................................. 14

    C.  Movants Have No Viable Gross-Negligence Action Against Colburn............................. 15

        1.  Movants' Gross-Negligence Claim is Barred by Section 408.001(a) and is Not
            Excepted by Section 408.001(b)................................................................. 15

        2.  The Texas Supreme Court Has Expressly Rejected Movants' Claim That They
            Have a "Constitutional Right" to Recovery. ............................................. 16

        3.  Decedent Waived His (and Thus His Beneficiaries') Right to Sue by Not
            Opting Out of the  TWCA. ..................................................................... 18

        4.  Movants' Cases Do Not Support Remand. ............................................. 19

            a.  Dudley is No Longer Good Law. .......................................................... 19

            b.  The Aguirre Decision is Wrong. .......................................................... 20

            c.  Judge Fish's Opinion is Misguided....................................................... 21

IV.  MOVANTS WAIVE ANY PROCEDURAL OBJECTION TO THE TIMELINESS OF REMOVAL ........... 22

V.  CONCLUSION ............................................................................................................................. 23

TABLE OF AUTHORITIES

*Page(s)*

<u>Cases</u>

*Aguirre v. Vasquez*,
   225 S.W.3d 744 (Tex. App—Houston [14th Dist.] 2007, no pet)................................. 23, 24, 25

*Appliance Alliance, LLC v. Sears Home Appliance Showrooms, LLC*,
   No. 3:15-cv-01707-M, 2015 WL 9319179 (N.D. Tex. Dec. 23, 2015) .................................. 11, 12

*Breitling v. LNV Corp.*,
   86 F. Supp. 3d 564 (N.D. Tex. 2015) ........................................................................................ 12

*City of Bellaire v. Johnson*,
   400 S.W.3d 922 (Tex. 2013) ..................................................................................................... 18

*Crowell v. Shell Oil Co.*,
   541 F.3d 295 (5th Cir. 2008) .................................................................................................... 11

*Dudley v. Community Public Serv. Co.*,
   108 F.2d 119 (5th Cir. 1939) ............................................................................................... 23, 24

*Fort Worth Elevators Co. v. Russell*,
   70 S.W.2d 397 (1934) ................................................................................................................ 23

*Fugitt v. Walmart Stores, Inc.*,
   No. 3:15-CV-2145-B, 2015 WL 7352194 (N.D. Tex. Nov. 19, 2015) .......................................... 13

*Garrett v. Patterson-UTI Drilling Company, L.P.*,
   299 S.W.3d 911 (Tex. App.—Eastland 2009, pet. denied)........................................... 22, 23, 25

*Grand Tex. Homes v. American Safety Indem. Co.*,
   2012 WL 5355958 (N.D. Tex. Oct. 30, 2012) ............................................................................ 11

*In re Lebatt v. Food Serv., L.P.*,
   279 S.W.3d 640 (Tex. 2009) ...................................................................................................... 22

*In re TXNB Internal Case*,
   483 F.3d 292 (5th Cir. 2007) ..................................................................................................... 26

*Jernigan v. Ashland Oil Inc.*,
   989 F.2d 812 (5th Cir. 1993) ................................................................................................. 12, 13

*Koger v. Wal-Mart Stores Texas, LLC*,
  No. 1:09-CV-125-C ECF, 2009 WL 10703186 (N.D. Tex. Sept. 22, 2009)...................................19

*Leitch v. Hornsby*,
  935 S.W.2d 114 (Tex. 1996) .................................................................................................19

*Mastronardi v. Wells Fargo Bank, N.A.*,
  No. 4:15-CV-452-A, 2015 WL 5472924 (N.D. Tex. Sept. 17, 2015) ...........................................11

*Mauldin v. Allstate Ins. Co.*,
  757 Fed. Appx. 304 (5th Cir. 2018)........................................................................................12

*Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*,
  642 S.W.3d 551 (Tex. 2022) .................................................................................................14

*McCarty v. Hillstone Restaurant Group*,
  No. 3:15-CV-518-L, 2015 WL 4920013 (N.D. Tex. Aug. 18, 2015)............................................19

*Moayedi v. Interstate 35/Chisam Rd, L.P.*,
  438 S.W.3d 1 (Tex. 2014) .....................................................................................................22

*Morton Salt Co. v. Wells*,
  70 S.W.2d 409 (1934) ..........................................................................................................23

*Mosley v. Wood Group PSN, Inc.*,
  760 Fed. Appx. 352 (5th Cir. 2019)..................................................................................16, 17

*Palmer v. Wal-Mart Stores, Inc.*,
  65 F.Supp.2d 564 (S.D. Tex. 1999) .......................................................................................19

*Perio v. Titan Maritaim, LLC*,
  No. H-13-1754, 2013 WL 5563711 (S.D. Tex. Oct. 8, 2013).......................................................9

*Potter v. Cabello*,
  No. 3:19-CV-1330-G, 2019 WL 6173763 (N.D. Tex. Nov. 19, 2019)...................................23, 25

*Shanks v. AlliedSignal, Inc.*,
  169 F.3d 988 (5th Cir. 1999) ................................................................................................26

*Texas Workers' Comp. Ins. Fund v. Del Industrial, Inc.*,
  35 S.W.3d 591 (Tex. 2000) ..............................................................................................16, 20

*Thompson v. Travelers Indemn. Co.*,
  789 S.W.2d 277 (Tex. 1990) .................................................................................................16

*TIC Energy & Chem., Inc. v. Martin*,
  498 S.W.3d 68 (Tex. 2016) ...................................................................................14

*Trahan v. Premcor Refining Group, Inc.*,
  No. 09-17-00005-CV, 2018 WL 3887634
  (Tex. App.—Beaumont Aug. 16, 2018, pet. denied)...........................................17, 18

*Travelers Indemnity Company of Illinois v. Fuller*,
  892 S.W.2d 848 (Tex. 1995) ................................................... 21, 22, 23, 24

*Travis v. Irby*,
  326 F.3d 644 (5th Cir. 2003) ...............................................................................13

*Tri v. J.T.T.*,
  162 S.W.3d 552 (Tex. 2005) ...........................................................................18, 19

*Western Steel Co. v. Altenburg*,
  206 S.W.3d 121 (Tex. 2006) ...............................................................................16

*Wingfoot Enterpr. v. Alvarado*,
  111 S.W.3d 134 (Tex. 2003) ....................................................... 14, 16, 20

*Zacharie v. U.S. Nat. Resources, Inc.*,
  94 S.W.3d 748 (Tex. App.—San Antonio 2002, no pet.).........................................22

Statutes

28 U.S.C. § 1446(a) ...............................................................................................11

28 U.S.C. § 1446(b)(2)(A).....................................................................................11

28 U.S.C. § 1653 ...................................................................................................12

33 U.S.C. § 905(a) .................................................................................................16

Tex. Constitution, Art. 16, § 26 .................................................... 20, 21, 24

Tex. Labor Code § 201.011(11) ...............................................................................6

Tex. Labor Code § 408.001(a) ......................................................................Passim

Tex. Labor Code § 408.001(b) ......................................................................Passim

TEX. LABOR CODE § 411.003(a) ....................................................................................22


Rules

FED. R. CIV. P. 11 ........................................................................................................11

FED. R. CIV. P. 11(a).....................................................................................................11


Regulations

40 TEX. ADMIN. CODE § 815.117 ...................................................................................6

**I.**

**FACTS AND EVIDENCE SUPPORTING REMOVAL**

**A.  The Hogan Defendants**

1.    Hogan Transports, Inc. is an integrated transportation and logistics business with several affiliated entities, including, among others, Hogan Personnel, LLC ("Hogan Personnel"), Hogan Dedicated Services, LLC ("Hogan Dedicated"), and Hogan Services, Inc. ("Hogan Services").[1]

2.    Hogan Personnel operates as the "common paymaster" or "nominal employer" for various Hogan entities in a manner specifically authorized by Texas law.[2] Per the common-paymaster rule, the human-resources function for those entities is consolidated across various Hogan entities, using Hogan Personnel to administer the hiring process; comply with employment-eligibility requirements; coordinate on-boarding for new employees; pay employees; issue payroll-related forms; and administer employee-benefit programs.[3]

3.    Hogan Services, Inc. ("Hogan Services") is another common paymaster and nominal employer of certain employees who provide services for the benefit of other Hogan entities.[4]

4.    Hogan Dedicated Services, LLC ("Hogan Dedicated") is a Hogan Transports affiliate that provides dedicated logistics services to clients, including Target Corporation.[5] Hogan Dedicated has a Transportation Services Contract ("Contract") with Target under which Hogan

---

[1] *See* 7/27/22 Affidavit of Scott Randall, at p. 2, ¶ 4, attached as **Exhibit 1** (Appx. 003) and p. 5, ¶ 25 (Appx. 006).

[2] *See* Tex. Labor Code § 201.011(11); 40 Tex. Admin. Code § 815.117.

[3] *See* Randall Aff., at p. 2, ¶ 4 (Ex. 1; Appx. 003).

[4] *See id.*, at p. 5, ¶ 25 (Ex. 1; Appx. 006).

[5] *See id.*, at p. 2, ¶ 5 (Ex. 1; Appx. 003).

- 1 -

Dedicated (and only Hogan Dedicated) provides drivers to operate yard tractors at Target's Distribution Center in Midlothian, Texas ( "Distribution Center").[6] *All "Hogan" yard-tractor drivers who work at the Distribution Center are employed by Hogan Dedicated*, with Hogan Personnel serving as their paymaster and nominal employer.[7]

**B.**  **The Hogan Defendants' Workers' Compensation Insurance Policy**

5.    At all times relevant to the October 10, 2020 accident in which Lopez-Orenday was killed ("Accident"), all four Hogan Defendants were insured under Worker's Compensation and Employers' Liability Insurance Policy Number TWC3825581 ("the Policy").[8] The Policy was in effect from November 1, 2019, through November 1, 2020, and it covered employees of Hogan Transports and numerous affiliated entities, including the four Hogan Defendants, each of whom is specifically identified as a separate "Named Insured" on the Policy.[9]

6.    The Policy covers the provision of Texas Workers' Compensation benefits on a form issued consistent with the requirements of the Texas Department of Insurance.[10]

7.    At no time did Lopez-Orenday notify either Hogan Dedicated or Hogan Personnel that he wished to opt-out of Texas Workers' Compensation benefits or that he wished to retain his common law rights to recover damages for personal injury.[11]

---

[6] *See id.*, at p. 2, ¶ 6 (Appx. 003); *see also* Transportation Services Contract ("Contract"), a true and correct copy of which is attached as **Exhibit 1-A** (Appx. 008-40).

[7] *See* Randall Aff., at p. 2, ¶ 6 (Ex. 1; Appx. 003).

[8] *See id.*, at p. 4, ¶ 17 (Ex. 1; Appx. 005); *see also* Workers Comp. and Employers Liab. Insur. Pol. No. TWC3825581 ("Policy"), a true and correct copy of which is attached as **Exhibit 1-C** (Appx. 093-335).

[9] *See* Randall Aff., at p. 4, ¶ 17 (Ex. 1; Appx. 005); *see also* Declarations Page of Policy, a true and correct copy of which is attached as **Exhibit 1-B** (Appx. 044, 048, 050, 055).

[10] *See* Randall Aff., at p. 4, ¶ 18 (Ex. 1; Appx. 005).

[11] *See id.*, at p. 4, ¶ 19 (Ex. 1; Appx. 005).

**C.  Employment of Lopez-Orenday and Brian Colburn**

8.   Gerardo Lopez-Orenday was hired on April 20, 2020, and he worked for Hogan Dedicated as a yard-tractor driver at the Distribution Center until October 10, 2020, when he died in the Accident. Lopez-Orenday was nominally employed by Hogan Personnel, but all the work he performed at the Distribution Center was done for the benefit of, on behalf of, and through Hogan Dedicated in furtherance of its Contract with Target.[12]

9.   Brian Colburn also worked at the Distribution Center as a yard-tractor driver for Hogan Dedicated. Like Lopez-Orenday, Colburn was nominally employed by Hogan Personnel, but he provided services at the Distribution Center for the benefit of, on behalf of, and through Hogan Dedicated in furtherance of its Contract with Target.[13]

10.   Greg Bonk worked as a fleet manager for Hogan Dedicated at the Distribution Center. His duties included ensuring Hogan Dedicated's compliance with Target's policies and procedures while performing under the Hogan Dedicated's Contract with Target. Although he said in his deposition that his employer was "Hogan Transportation Dedicated Account," no such Hogan entity exists. Bonk's nominal employer (paymaster) was Hogan Services, Inc., but he performed services at the Distribution Center for the benefit of, on behalf of, and through Hogan Dedicated in furtherance of its Contract with Target.[14]

---

[12] *See id.*, at pp. 2-3, ¶¶ 7-8 (Ex. 1; Appx. 003-04). Randall previously submitted an affidavit in which he stated that Hogan Personnel was not Lopez-Orenday's employer. Randall explains the imprecision of this statement in his affidavit attached hereto. *See id.*, at p. 4, ¶ 21 (Ex. 1; Appx. 005).

[13] *See id.*, at p. 3, ¶ 9 (Ex. 1; Appx. 004).

[14] *See id.*, at p. 5, ¶ 25 (Ex. 1; Appx. 006).

**D.  Lopez-Orenday, Colburn, and Bonk's Work at the Distribution Center**

11.  Hogan Dedicated assigned Lopez-Orenday and Colburn to work at the Distribution Center, and they were both working for Hogan Dedicated at that location on October 10, 2020, pursuant to the Contract between Hogan Dedicated and Target at the time of the Accident. The two men had the same job title ("lead driver") and responsibilities, and they worked together on a regular basis, including on the day of the Accident. Further, Lopez-Orenday and Colburn had the same supervisor at the Distribution Center:  Greg Bonk.[15]

12.  Hogan Dedicated directed and controlled the details of the work that Bonk performed for Hogan Dedicated in furtherance of its Contract with Target.[16] In turn, acting on behalf of Hogan Dedicated, Bonk directed and controlled the details of the work performed by Lopez-Orenday and Colburn (and the other drivers for Hogan Dedicated) at the Distribution Center. In that role, Bonk instructed Lopez-Orenday, Colburn, and the other drivers when they were to work at the Distribution Center and told them the details of how that work was to be performed. Further, Bonk was responsible for the safety training of Lopez-Orenday, Colburn, and the other Hogan yard-tractor drivers at the Distribution Center and ensuring that their work complied with Target's safety and other requirements. Bonk had authority on behalf of Hogan Dedicated to discipline drivers (including Lopez-Orenday and Colburn), including termination if warranted.[17] More specifically, Bonk had the authority to correct Lopez-Orenday if, while

---

[15] *See* Randall Aff., at pp. 3-4, ¶¶ 10-13, 15 (Ex. 1; Appx. 003-04).

[16] *See id.*, at p. 5, ¶ 25 (Ex. 1; Appx. 006).

[17] *See id.*, at p. 3, ¶ 11 (Ex. 1; Appx. 004).

supervising him, Bonk observed him doing anything unsafe.[18] Bonk had the ability to both hire and fire Lopez-Orenday. In fact, Bonk had previously both hired and laid-off Lopez-Orenday in 2018, and then rehired him in 2019.[19] And he had given a verbal warning to Lopez-Orenday in his capacity as his supervisor.[20]

13.   The work performed by Lopez-Orenday and Colburn at the Distribution Center on October 10, 2020, included "spotting" semi-truck trailers. This work generally involved moving empty or full trailers in and out of warehouse loading docks.[21] Lopez-Orenday and Colburn spotted trailers at the Distribution Center on October 10, 2020, in furtherance of Hogan Dedicated's business as it performed services under its Contract with Target.[22] At the time the Accident occurred, Lopez-Orenday and Colburn were both acting in the course and scope of their employment with, and taking directions and instructions from, Hogan Dedicated.[23]

**II.**
**ALL PROPERLY-JOINED DEFENDANTS JOINED IN THE REMOVAL**

**A.   Plaintiffs and Intervenors' "Gotcha" Argument Fails.**

Plaintiffs and Intervenor (collectively "Movants") devote three full pages of their Brief arguing that the case should be remanded because only Target's counsel signed the Joint

---

[18] *See, e.g.*, 9/22/21 Deposition of Greg Bonk at p. 28, line 17, to p. 29, line 7, and p. 29, line 21 to p. 30, line 8), excerpts from which are attached as **Exhibit 2 (**Appx. 340-42).

[19] *See id.*, at p. 28, line 17, to p. 29, line 3, and p. 30, line 19, to p. 31, line 4 (Ex. 2; Appx. 340-42).

[20] *See id.* at p. 28, lines 20-21, and p. 29, line 21, to p. 30, line 8 (Ex. 2; Appx. 340 -43).

[21] *See* Randall Aff., at pp. 3, ¶ 12 (Ex. 1; Appx. 004).

[22] *See id.*, at p. 3, ¶ 13 (Ex. 1; Appx. 004).

[23] *See id.*, at p. 4, ¶ 15 (Ex. 1; Appx. 005).

Removal.[24]  As Chief Justice Barbara Lynn has pointed out, however, "[l]itigation is not a game of 'gotcha.'" [25] Rather, "[j]urisdiction should be decided on actual facts."[26]

Here, the "actual facts" are that all properly-joined defendants—the four Hogan entities (collectively the "Hogan Defendants") and Target—not only consented to but actually *joined in* the removal. When a removal is filed jointly by the defendants, each individual defendant need not sign.[27] Rather, the Notice of Removal need only be signed pursuant to Rule 11,[28] which requires that it "be signed by at least one attorney of record in the attorney's name."[29] Accordingly, judges in this District who have specifically considered this issue have upheld joint removals signed by a single attorney.[30] Here, the "*Joint* Notice of Removal" was signed by one

---

[24] *See* Movant's Br. in Suppt. of Jt. Mot. to Remand [ECF No. 35, at Page ID 11-13].

[25] *Appliance Alliance, LLC v. Sears Home Appliance Showrooms, LLC*, No. 3:15-cv-01707-M, 2015 WL 9319179, at *3 (N.D. Tex. Dec. 23, 2015) (Lynn, J.)*,* a copy of which is attached as **Exhibit 3** (Appx. 349-56, at 352).

[26] *Id.*, 2015 WL 9319179, at *3 (Ex. 3; Appx. 352).

[27] *See Crowell v. Shell Oil Co.*, 541 F.3d 295, 302 (5th Cir. 2008) (consent in the removal by all defendants was properly shown where all were named as joining in the removal and the removal was signed by one attorney in conformance with Rule 11).

[28] 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action… shall file… a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure…").

[29] *Crowell*, 541 F.3d at 302 (citing FED. R. CIV. P. 11(a)) (emphasis added).

[30] *See Mastronardi v. Wells Fargo Bank, N.A.*, No. 4:15-CV-452-A, 2015 WL 5472924, at *2 (N.D. Tex. Sept. 17, 2015) (McBryde. J.) ("The Fifth Circuit concluded in *Crowell* that a joint notice of removal listing all of the defendants, signed by a single attorney, satisfied the requirement that all defendants join in removal.") (cites omitted), a copy of which is attached as **Exhibit 4** (Appx. 357-64, at 359-60); *see also Grand Tex. Homes v. American Safety Indem. Co.*, No. 3:12-cv-1773-M, 2012 WL 5355958, at *2 (N.D. Tex. Oct. 30, 2012) (Lynn, J.) (distinguishing situation in which "the defendants filed a *joint* notice of removal that listed all of the defendants but was signed by only a single attorney" with a removal filed by one defendant but with the *consent* of the other defendants; only the latter situation requires signatures of all defendants), a copy of which is attached as **Exhibit 5** (Appx. 365-69, at 366-67).

attorney (counsel for Target), and thus satisfied Section 1446(b)(2)(A).[31] If the Court concludes that the absence of an electronic signature on Hogan's signature block somehow is considered a procedural flaw that should be cured, "the Court… has authority to allow Defendants to amend their Notice of Removal," and Target and Hogan respectfully request leave to include the signature of counsel for Hogan, if the Court deems it necessary.[32]

**B.  The Fraudulently-Joined Defendants Need Not Consent to Removal.**

In the Fifth Circuit's own words, "this court has repeatedly made clear that a removing defendant need not obtain the consent of a co-defendant that the removing party contends is improperly joined."[33] Indeed, both the Fifth Circuit and Judge Lynn have described the idea of requiring their consent or joinder "nonsensical," since removal in those cases is based on the contention that no other proper defendant exists.[34]

Here, Target and the Hogan Defendants clearly contended in their Notice of Removal that Colburn and Bonk were fraudulently joined[35]—and they explain and support these contentions in Section II of this Brief, *infra*. Accordingly, Target and Hogan did not need the consent of Colburn and Bonk to remove this case, and Movants' argument to the contrary lacks merit.

---

[31] *See Crowell*, 541 F.3d at 302; *Mastronardi*, 2015 WL 5472924, at *2-3; *Grand Tex. Homes*, 2012 WL 5355958, at *2.

[32] *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Appliance Alliance*, 2015 WL 9319179, at *3 (granting leave under § 1653 to amend Notice of Removal) (Ex. 3, Appx. 352).

[33] *Mauldin v. Allstate Ins. Co.*, 757 Fed. Appx. 304, 309 (5th Cir. 2018); *accord Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 570 (N.D. Tex. 2015) (where fraudulent or improper joinder is applicable, an allegedly improperly joined defendant need not join in or consent to removal, and the removing defendant need not explain the absence of consent).

[34] *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

[35] *See* Jt. Not. of Removal at pp. 9, 11-12 [ECF No. 1, at PageID 9, 11-12].

### III.
### COLBURN AND BONK WERE FRAUDULENTLY JOINED

**A.  Standard**

A non-diverse defendant has been improperly joined where there is no _reasonable_ possibility of recovery by the plaintiff.[36] "[W]hile the fraudulent-joinder and Rule 12(b)(6) standards appear similar, the scope of the inquiry is different."[37] For fraudulent joinder, the district court may "pierce the pleadings" and consider summary-judgment-type evidence in the record.[38] Here, the unrefuted summary-judgment-type evidence offered by Respondents consists of "_unchallenged_ factual allegations" relating to the various Hogan entities' roles vis-à-vis Lopez-Orenday, Colburn, and Bonk. Despite taking numerous Hogan employee depositions, Movants have no evidence to refute or challenge the information contained in Scott Randall's attached affidavit, in his capacity as Vice President of Risk Management for Hogan Transports and Hogan Dedicated, the only entity performing operations at the Target Midlothian Distribution Center.[39]

**B.  A Defendant Immune from Liability Is Fraudulently Joined.**

A non-diverse defendant is fraudulently joined when that defendant is immune from liability.[40] Thus, if a defendant is immune from suit under the Texas Workers' Compensation Act,

---

[36] _See Fugitt v. Walmart Stores, Inc._, No. 3:15-CV-2145-B, 2015 WL 7352194, *2 (N.D. Tex. Nov. 19, 2015) (Boyle, J.) (emphasis added), attached as **Exhibit 6** (Appx. 370-75, at 372-74).

[37] _Travis v. Irby_, 326 F.3d 644, 648 (5th Cir. 2003).

[38] _Id._, at 648-49.

[39] _See_ Randall Aff., at p. 2, ¶¶ 2-3 (Ex. 1, Appx. 003).

[40] _See_, _e.g._, _Jernigan v. Ashland Oil Co._, 989 F.2d 812 (5th Cir. 1993) (corporations improperly joined based on their statutory workers-compensation immunity).

("TWCA"), his citizenship must be disregarded when determining diversity jurisdiction.[41] The exclusive-remedy provision of the TWCA protects not only employers but employees:

> Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer _or an agent or employee of the employer_ for the death of or a work-related injury sustained by the employee."[42]

The exclusive-remedy defense "extends to the employer's servants, meaning covered employees secure additional benefits under the [TWCA] in the form of protection from personal-injury claims by co-workers."[43]

1. **Employees May Have More Than One Employer for Purposes of the Workers'-Compensation Exclusive-Remedy Bar.**

When determining a worker's employment status, the TWCA is "liberally construed" in favor of coverage.[44] This longstanding adage "applies with equal force" to protect injured workers by ensuring coverage, and to protect employers _and their employees_ from lawsuits.[45] In other words, it's a "two-way street."[46] Indeed, the terms 'co-employee' and 'co-employer' describe employment relationships that have been "statutorily expanded for workers' compensation purposes."[47]

---

[41] _Id._; _see also Perio v. Tital Maritime, LLC_, No. H-13-1754, 2013 WL 5563711 (S.D. Tex. Oct. 8, 2013) (when defendant is immune under TWCA, there is no reasonable possibility of recovery against that defendant and the defendant is improperly joined), attached as **Exhibit 7** (Appx. 376-94, at 380-81).

[42] TEX. LABOR CODE § 408.001(a) (emphasis added).

[43] _TIC Energy & Chem., Inc. v. Martin_, 498 S.W.3d 68, 73 (Tex. 2016).

[44] _See Maxim Crane Works, L.P. v. Zurich Am. Ins. Co._, 642 S.W.3d 551, 559 (Tex. 2022).

[45] _Id._

[46] _Id._

[47] _Id._

Movants correctly state in their Motion that "a person is considered an 'employer' under the TWCA if: (1) it meets the TWCA's statutory definition of 'employer'; or (2) the person had the 'right to control' the employee."[48]  But they disregard a key tenet of Texas law—that a worker can have "*more than one employer*" for purposes of workers' compensation and its exclusive-remedy bar.[49] Here, Lopez-Orenday, Colburn, and Bonk each had two "employers" and all shared a common employer: Hogan Dedicated. Lopez-Orenday and Colburn further shared a common nominal employer, paymaster Hogan Personnel.

**2.  Lopez-Orenday, Colburn, and Bonk Each Had More Than One Employer**

Significantly, Respondents *fully agree* with Movants' contentions that Lopez-Orenday was employed by Hogan Personnel; Colburn was employed by Hogan Dedicated; and Bonk was employed by Hogan Services. But that's only half the story. The other half—and the significant part for purposes of determining diversity jurisdiction in this case—is that Lopez-Orenday and Bonk were *also* employees of Hogan Dedicated, making all three employees of the same workers-compensation subscriber. Further, Colburn was *also* employed by Hogan Personnel, making Lopez-Orenday and Colburn co-employees of that workers'-compensation subscriber, too.

---

[48] *See* Br. in Suppt. of Mot. to Remand, at p. 13, ¶ 24 [ECF No. 35, at PageID 2628].

[49] *Wingfoot Enterpr. v. Alvarado*, 111 S.W.3d 134, 142 (Tex. 2003).

The following graphic shows the relationships:



3.  **All Three Individuals Were Employees of Hogan Dedicated Because It Had the Right to Control Their Work.**

It is well established that an employee may have more than one employer for purposes of the workers'-compensation exclusive-remedy bar.[50] When determining employment status, Texas courts "consider traditional indicia, such as the exercise of actual control over the details of the work that gave rise to the injury."[51]

Here, it is undisputed that Hogan Dedicated had the right to control—and actually did control—all three individuals' work at the Target Midlothian Distribution Center. Hogan Dedicated is the only Hogan entity that contracted with Target to provide transportation services. Thus, though all employees who worked at the Distribution Center were nominally employed by Hogan paymasters for payroll and administrative purposes, they performed the essential

---

[50] See *Wingfoot*, 111 S.W.3d at 145; *Texas Workers' Comp. Ins. Fund v. Del Industrial, Inc.*, 35 S.W.3d 591, 596 (Tex. 2000).

[51] *See Western Steel Co. v. Altenburg*, 206 S.W.3d 121, 123 (Tex. 2006); *see also Thompson v. Travelers Indemn. Co.*, 789 S.W.2d 277, 278 (Tex. 1990) ("This same test applies whether the claim arises at common law or under workers' compensation.").

functions of Hogan Dedicated required under its Contract with Target. In other words, regardless of which Hogan paymaster (*i.e.*, "nominal employer") was identified on their paychecks and Form I-9 paperwork, Lopez-Orenday, Colburn, and Bonk were <u>also</u> employees Hogan Dedicated.

The *Mosley v. Wood Group PSN, Inc.* case is instructive.[52] In that case, a worker sued multiple defendants (including his allegedly negligent co-workers) after slipping and falling on an oil platform. The question presented was whether the exclusive remedy of the Longshore and Harbor Workers' Compensation Act barred his claims against his co-workers.[53] Plaintiff Mosely (a production manager for Fieldwood) was the "payroll employee" of a third party (QPS), who had a contract with defendant Fieldwood to provide production personnel to Fieldwood.[54] The two co-workers were "payroll employees" of defendant Wood Group but worked as Fieldwood operators. All the defendants argued that they were immune under the LWSHA's exclusive-remedy provision because the two individual defendants and the plaintiff were joint "borrowed employees" of Fieldwood. The Fifth Circuit agreed, in large part because all the work they performed was for Fieldwood and because they all three took instruction from Villemarette, a Fieldwood employee in charge of the platform.[55] Similarly, all the work Lopez-Orenday and Colburn performed here was for Hogan Dedicated, and both took instruction from Bonk, who worked as a fleet manager for Hogan Dedicated.[56]

---

[52] *Mosley v. Wood Group PSN, Inc.*, 760 Fed. Appx. 352 (5th Cir. 2019).

[53] The exclusive-remedy provision in the LHWCA is substantively the same as that found in the TWCA. *See* 33 U.S.C. § 905(a).

[54] *Mosley*, 760 Fed. Appx. at 356.

[55] *See id.*, at 359-60.

[56] *See* Randall Aff., at p. 3, ¶ 11 (Ex. 1; Appx. 004).

The *Trahan v. Premcor Refining Group, Inc.* case is likewise helpful.[57] In that case, the plaintiff was injured while working at a refinery owned and operated by Premcor Refining Group, Inc. ("Premcor"). Premcor was a wholly-owned subsidiary of Valero Energy Corporation (a holding company with no employees). Valero Services, Inc, was another wholly-owned subsidiary of Valery Energy Corporation, and it provided payroll services to Premcor.[58] Premcor's general manager controlled the details of plaintiff's work, including aspects related to safety, and he had the authority to fire plaintiff and correct her if he saw her doing something unsafe. He gave plaintiff her work instructions, and she was injured when performing a "necessary process" to Premcor's business. The court held that because Premcor controlled the details of plaintiff's work, it was her "employer" for purposes of the workers'-compensation exclusive-remedy provision, even though she was a "payroll employee" of a different company.[59]

The same situation exists here. Regardless of which entity was Lopez-Orenday, Colburn or Bonk's "payroll employer," there is <u>no dispute</u> that while at the Distribution Center, all three individuals performed work for Hogan Dedicated pursuant to Hogan Dedicated's Contract with Target. Further, there is no dispute that Bonk—the fleet manager "over the fleet operation at the Distribution Center"[60] for Hogan Dedicated—controlled the details of Lopez-Orenday's and Colburn's work. Thus, all three were "employees" of Hogan Dedicated.

---

[57] *Trahan v. Premcor Refining Group, Inc.*, No. 09-17-00005-CV, 2018 WL 3887634 (Tex. App.—Beaumont Aug. 16, 2018, pet. denied), attached as **Exhibit 8** (Appx. 395-402).

[58] *Id.*, at *1, *5 (Ex. 8; Appx. 396, 399).

[59] *Id.*, at *5 (Ex. 8; Appx. 399); *see also City of Bellaire v. Johnson*, 400 S.W.3d 922, 924 (Tex. 2013) (City was "employer" even though Plaintiff paid by another company because City had the right to control worker's work).

[60] *See* Pls.' 2d Am. Pet. at p. 4, ¶ 4.05 (ECF No. 6, PageID 2128); *see also* Intervenor's 2d Am. Pet. at p. 5, ¶ 4.05 (ECF No. 6, PageID 2174).

Further, Lopez-Orenday and Colburn also had the same payroll employer (Hogan Personnel). Thus, Colburn is also immune under the exclusive-remedy bar by virtue of his co-employment with Lopez-Orenday at Hogan Personnel. Consequently, Movants have no plausible right of recovery against him, and he, therefore, was fraudulently joined.

### 4. Bonk Was Further Fraudulently Joined Because He Owed Lopez-Orenday No Independent Duty and Hence Cannot Be Personally Liable.

Bonk was fraudulently joined for the additional and independent reason that a manager owes no independent duty to co-employees or premises invitees. For this reason, "a negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation."[61] Rather, "individual liability arises only when the [employee] owes an independent duty of reasonable care to the injured party apart from the employer's duty."[62]

Movants' only complaints against Bonk are that he had knowledge of the unreasonably dangerous conditions at the Distribution Center and failed to adequately warn or correct them.[63] But those are not duties owed by Bonk *individually*; rather they are duties owed (if at all) by the property owner and/or Lopez-Orenday's employer.[64] Movants do not allege that Bonk was

---

[61] *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005).

[62] *Id.* (citing *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)).

[63] *See* Pls' 2nd Am. Pet., at pp. 15-18, ¶¶ 6.01 - 6.05 (ECF No. 6, PageID 2137-40); Intervenor's 2nd Am. Pet. at pp. 12-14, ¶¶ 6.01 – 6.05 (ECF No. 6, PageID 2181-83).

[64] *See Tri*, 162 S.W.3d at 562 (only employer owes duty to provide safe workplace); *see also Koger v. Wal-Mart Stores Texas, LLC*, No. 1:09-CV-125-C ECF, 2009 WL 10703186 (N.D. Tex. Sept. 22, 2009) (Cummings, J.) (store manager owes no independent duty to customer), a copy of which is attached as **Exhibit 9** (Appx. 403-05, at 405); *McCarty v. Hillstone Restaurant Group*, No. 3:15-CV-518-L, 2015 WL 4920013, at *4-5 (N.D. Tex. Aug. 18, 2015) (Lindsay, J.) (where plaintiffs' allegations related to defendant's duties as a manager, they did not support the inference that manager owed them an independent duty under negligent-activity or premises-liability theory), a copy of which is attached as **Exhibit 10** (Appx. 406-12, at 410); *Palmer v. Wal-Mart Stores, Inc.*, 65 F.Supp.2d 564 (S.D. Tex. 1999) (under Texas law, corporate

- 14 -

Lopez-Orenday's employer; nor do they allege that Bonk was the owner or operator of the premises. Thus, there is no basis for individual liability against Bonk, and he was therefore fraudulently joined _regardless_ of who his employer was.

**C.  Movants Have No Viable Gross-Negligence Action Against Colburn.**

> **1.  Movants' Gross-Negligence Claim is Barred by Section 408.001(a) and is Not Excepted by Section 408.001(b).**

Movants argue that despite the exclusive-remedy bar, they nonetheless have a plausible right to recovery against Colburn under Section 408.001(b).[65] But that section only permits the recovery of exemplary damages when a worker's death is caused by intentional conduct or gross negligence of "_the employer_."[66] Unlike Section 408.001(a), which exempts both the employer and "an agent or employee of the employer" from all types of actions,[67] Section (b)'s carve-out for gross negligence and intentional conduct in death cases only excepts _employers_ from the exclusive-remedy bar:

> This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by _the employer's_ gross negligence.[68]

---

employees have no independent duty to furnish safe workplace and therefore cannot be held personally liable).

[65] Jt. Mot. to Remand, at pp. 15-18, ¶¶ 28-31 [ECF No. 35, PageID 2630-33].

[66] _See_ TEX. LABOR CODE § 408.001(b).

[67] TEX. LABOR CODE § 408.001(a).

[68] TEX. LABOR CODE § 408.001(b) (emphasis added).

Texas courts apply the TWCA "as written in determining workers' compensation issues."[69]

As written, the exclusive-remedy bar prohibits _all actions_ against employees. Had the legislature

intended to except gross-negligence actions against employees from the exclusive-remedy bar,

it easily could have tracked the language it used in the preceding subsection. Indeed, in the

predecessor statute, the Texas legislature specifically did so.[70] The Texas legislature chose not to

do so in the current statute, however, so this Court should decline Movants' invitation to

judicially rewrite the statute.

### 2. The Texas Supreme Court Has Expressly Rejected Movants' Claim That They Have a "Constitutional Right" to Recovery.

Movants further argue that they have a viable gross-negligence claim against Colburn

under Article 16, Section 26 of the Texas Constitution, which provides:

> Every person, corporation, or company that may commit a homicide, through
> willful act, or omission, or gross negligence, shall be responsible, in exemplary
> damages, to the surviving husband, widow, heirs of the body, or such of them as
> there may be, without regard to any criminal proceeding that may or may not be
> had in relation to the homicide.[71]

Movants claim this Constitutional provision overrides the TWCA's exclusive-remedy bar. But the

Texas Supreme Court has expressly considered _and rejected_ this very argument:

> [T]he reason for adoption of the constitutional provision was to allow for
> exemplary damages _under the Wrongful Death Act_ because of an early

---

[69] _See Wingfoot Enterpr. v. Alvarado_, 111 S.W.3d 134, 137 (Tex. 2003) (citing _Texas Workers' Comp. Ins. Fund v. Del Industrial, Inc._, 35 S.W.3d 591, 596 (Tex. 2000)).

[70] See Vernon's Ann. Civ. St. Supp art. 5246-7 (1918) (emphasis added) ("Nothing in this act shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body… of any deceased employé whose death is occasioned by homicide from the willful act or omission or gross negligence of any person, firm or corporation _from the employer of such employé_ at the time of the injury causing the death of the latter.").

[71] Tex. Constitution, Art. 16, § 26.

interpretation that such damages were not authorized by the Act.[72] *It did not abrogate the common law requirement of actual damages and extend the remedy to those with no cause of action under the Act*.[73]

In *Travelers Indemnity Company of Illinois v. Fuller*, the plaintiff claimed Article 16, Section 26 supported her claim for exemplary damages against her father's employer's insurance company after her father died of work-related cancer. She sued his employer's insurance company for gross negligence, arguing that the Constitution granted her an independent right to exemplary damages and that the legislature could not abrogate that right through its passage of the TWCA. The Supreme Court of Texas disagreed for two reasons: (1) the TWCA prohibited the plaintiff from recovering "actual damages" against the insurance company, a prerequisite to the recovery of exemplary damages; and (2) the TWCA only allows a claim for gross negligence against the *employer*.[74]

The two-pronged reasoning of *Fuller* applies here with equal force. First, the TWCA expressly prohibits a subscribing employee's beneficiaries from recovering actual damages against any non-employer, whether it be an *insurer* (like in *Fuller*) or a *co-employee* (like in this case).[75] Second, just as the legislature declined to carve out a right-to-sue exception for exemplary damages against *insurers*, it likewise declined to except exemplary-damages claims

---

[72] *Travelers Indemnity Company of Illinois v. Fuller,* 892 S.W.2d 848, 851-52 (Tex. 1995) (emphasis in original and emphasis added).

[73] *Id.* (emphasis added).

[74] *See generally id.*, 892 S.W.2d 848.

[75] *See* Tex. Labor Code § 411.003(a) (prohibiting actions against a subscriber's insurance company); Tex. Labor Code § 408.001(a) (prohibiting actions against a subscriber's employees).

against _co-employees_.[76]  Thus, _Fuller_ is directly on point; one need only substitute the word "co-employees" for "insurers," as all the same reasoning applies. Consequently, the Constitution offers Movants no alternative avenue to recovery against Colburn.[77]

### 3. Decedent Waived His (and Thus His Beneficiaries') Right to Sue by Not Opting Out of the TWCA.

A wholly independent reason Movants' arguments under the Texas Constitution fail is because Lopez-Orenday waived his right—and hence Movants' derivative rights—to sue. Consequently, even if the Texas Constitution did create an independent cause of action—which it does not—"parties may waive statutory _and even constitutional_ rights."[78] Indeed, even actions for exemplary damages against an employer "provided by" the TWCA can be waived.[79]

The Eastland Court of Appeals' opinion in _Garrett v. Patterson-UTI Drilling Company, L.P._ is on point.[80] In that case, the court analyzed "whether a wrongful death claimant can assert a gross negligence claim against the decedent's co-employee when the employer has workers' compensation insurance" in the context of a venue dispute. It concluded no such cause of action was viable for two reasons. First, relying on _Fuller_, it held that "Section 26 does not abrogate the

---

[76] _See_ TEX. LABOR CODE § 408.001(b) (only saving gross-negligence and intentional-tort claims against the _employer_).

[77] _See Fuller_, at 849-853.

[78] _Moayedi v. Interstate 35/Chisam Rd, L.P._, 438 S.W.3d 1, 6 (Tex. 2014); _In re Lebatt v. Food Serv., L.P._, 279 S.W.3d 640 (Tex. 2009) ("decedent's pre-death contract may limit or totally bar a subsequent action by his wrongful death beneficiaries") (citing _Sullivan-Sanford Lumber Co. v. Watson_, 155 S.W.179, 180 (Tex. 1913)).

[79] _See, e.g._, _Zacharie v. U.S. Nat. Resources, Inc._, 94 S.W.3d 748, 758 (Tex. App.—San Antonio 2002, no pet.) (widow waived right to pursue claim against decedent husband's employer under TWCA by not using diligence in serving the defendant with process).

[80] _Garrett v. Patterson-UTI Drilling Company, L.P._, 299 S.W.3d 911 (Tex. App.—Eastland 2009, pet. denied).

common-law requirement of actual damages or a right to seek punitive damages to those with

no cause of action under the Wrongful Death Act."[81] Second, it held that by not electing to opt-

out of the workers' compensation system, the deceased waived his (and thus his beneficiaries')

right to sue a co-employee for gross negligence.[82] The same reasoning applies here.

**4.  Movants' Cases Do Not Support Remand.**

Movants do not even attempt to distinguish *Fuller* or *Garrett*. Rather, they cite a 1939

Fifth Circuit decision *that is no longer good law*, and two post-*Fuller* cases in which the courts

were clearly unaware of the *Fuller* decision.[83]

a.  *Dudley* is No Longer Good Law.

While at first blush *Dudley v. Community Public Service Co.*[84] appears to support Movants'

position, the Texas Supreme Court in *Fuller* expressly rejected *Dudley*'s reasoning. In *Dudley*, the

Fifth Circuit relied on *Fort Worth Elevators Co. v. Russell*[85] and *Morton Salt Co. v. Wells*[86] to

conclude that "the Legislature was without power, and did not attempt, to change the right under

the Constitution to recover exemplary damages from a fellow employe[e], just as was held to be

true of such a suit against the employer."[87] In *Fuller*, however, the Texas Supreme Court *expressly*

rejected those two cases' conclusion, discounting the very language that *Dudley* relied upon from

---

[81] *Id.*, at 916.

[82] *Id.*, at 916-17.

[83] *Aguirre v. Vasquez*, 225 S.W.3d 744, 753-54 (Tex. App—Houston [14th Dist.] 2007, no pet)); *Potter v. Cabello*, No. 3:19-CV-1330-G, 2019 WL 6173763 (N.D. Tex. Nov. 19, 2019) (Fish, J.), attached as **Exhibit 11** (Appx. 413-20).

[84] *Dudley v. Community Public Serv. Co.*, 108 F.2d 119 (5th Cir. 1939).

[85] *Fort Worth Elevators Co. v. Russell*, 70 S.W.2d 397, 408 (1934).

[86] *Morton Salt Co. v. Wells*, 70 S.W.2d 409, 410 (1934).

[87] *Dudley*, 108 F.2d at 122.

- 19 -

*Ft. Worth Elevators* and *Morton Salt* as sheer "dicta, a mere expression of opinion on a point or issue not necessarily involved in the cases which does not create binding precedent under stare decisis."[88]  Moreover, *Dudley* was decided 56 years before *Fuller*, back when "[n]o case [was] found in the Texas courts where, as in the present case, a fellow employe[e] was sued."[89] But now such a case exists—*Garrett v. Patterson-UTI Drilling Company, L.P.*—and it proves Texas courts do not permit exemplary-damages claims against co-employees protected by the exclusive-remedy bar after the Texas Supreme Court issued its *Fuller* decision.

> b.  The *Aguirre* Decision is Wrong.

The second case Claimants cite—which devotes a whopping one sentence to the topic at issue—is simply wrong. In *Aguirre v. Vasquez*, the Houston Court of Appeals correctly cited the section 408.001(b) savings clause as only excepting the *employer*.[90] But then, in the next sentence, it simply concluded that "the gross negligence claim for exemplary damages filed by Jose's family members [against the co-employee's estate] survives the exclusivity provision of the Act."[91] The court gave no rationale or authority whatsoever for its leap in logic. Even more significantly, it never considered or discussed Article 16, Section 26 or the *Fuller* opinion. Moreover, it was decided before *Garrett*—which actually analyzed the issue (and reached the opposite conclusion). Thus, *Aguirre* is not binding or persuasive authority.

---

[88] *Travelers Indemn. Co. v. Fuller*, 892 S.W.2d 848, 851, n.3 (Tex. 1995)

[89] *Dudley*, 108 F.2d at 122.

[90] *Aguirre v. Vasquez*, 225 S.W.3d 744, 753-754 (Tex. App.—Houston [14th Dist.]  2007, no pet.) (citing TEX. LABOR CODE § 408.001(b)).

[91] *Id.*, at 754.

c.  <u>Judge Fish's Opinion is Misguided.</u>

More recently, in 2019, Judge Fish relied primarily on the *Aguirre* decision for his

conclusion in *Potter v. Cabello*, that the decedent worker's family potentially had a viable claim

against a co-employee <u>*after his research revealed no other similarly-positioned cases*</u>:

> The parties do not cite, and the court is not aware of, any case in which the Texas
> Supreme Court has addressed the specific issue presented here… This Court is
> aware of only one Texas court of appeals case in which the court considered the
> precise issue presented in the present case: whether the 'spouse or heirs of the
> body" of a deceased employee who was covered by workers' compensation
> insurance may assert a claim for gross negligence against the decedent's co-
> employee whose alleged gross negligence caused the decedent's death. See
> *Aguirre v. Vasquez*, 225 S.W.3d 744 (Tex. App.—Houston [14th Dist.] 2007, no
> writ [*sic*]). There the court found such a claim cognizable under Texas law.[92]

Judge Fish then concluded, "[g]iven the factual similarity between the present case and *Aguirre*,

the court finds the *Aguirre* court's interpretation of section 408.001(b) a strong indicator of "what

the Texas Supreme Court would do if faced with the same facts."[93]

Unfortunately, the *Potter* litigants did not direct Judge Fish to the Texas Supreme Court's

opinion in *Fuller* or to the *Garrett* case.[94] This is significant, because unlike the *Aguirre* case, which

devoted a single sentence to the topic and was not appealed, the *Garrett* court extensively

analyzed the interplay between Section 26 and the TWCA, and it was appealed to the Texas

---

[92] *Potter v. Cabello*, No. 3:19-CV-1330-G, 2019 WL 6173763, *3 (N.D. Tex. Nov. 19, 2019) (Fish, J.)
(Ex. 11, Appx. 416).

[93] *Id.*, at *4 (Appx. 417). Judge Fish further parroted the plaintiff's argument in its remand briefing that
since the immunity of Section 408.001(a) "extends to employees," then "where the employer is stripped
of the immunity provided by section 408.001(a) due to the employer's gross negligence, the decedent's
grossly negligent co-employee is stripped of immunity as well." *Id.*, at *4 (Appx. 417). But this argument
ignores the fact the savings-clause omitted "or an agent or employee of the employer." *See* TEX. LABOR
CODE § 408.001(b).

[94] *See* Def.'s Resp. to Pl's Mot. to Remand in Case 3:19-cv-01330-G (ECF No. 12); Pl.'s Br. in Suppt. of
His Reply to Def.'s Resp. to Pl's Mot. to Remand in Case 3:19-cv-01330-G (ECF No. 15-1).

Supreme Court. The Supreme Court of Texas denied the petition for review, meaning it reviewed the petition and response but concluded that "*the petition present[ed] no error that requires reversal or that is of such importance to the jurisprudence of the state as to require correction*."[95] In other words, the Texas Supreme Court actually reviewed the merits of *Garrett* and chose *not* to reverse it, making it a stronger indication of how it would rule than *Aguirre*, in which no petition was filed.

Accordingly, Movants' cited authorities are contrary to *Fuller*, under which, as *Garrett* confirms, Movants have no viable cause of action against Colburn under the Texas Constitution. As a federal court exercising diversity jurisdiction, this Court must follow *Fuller*.[96]

## IV.
## MOVANTS WAIVE ANY PROCEDURAL OBJECTION
## TO THE TIMELINESS OF REMOVAL

The timeliness of removal is a procedural objection to removal that a plaintiff may waive.[97]  Movants expressly waive any such objection here.[98]

---

[95] *See Texas Rules of Form: The Greenbook 18.1.1*, Appx. D (Tex. Law Rev. Ass'n ed., 14th ed. 2018) (emphasis added).

[96] *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 (5th Cir. 1999) ("To determine state substantive law, we look to final decisions of the state's highest court.").

[97] *See, e.g.*, *In re TXNB Internal Case*, 483 F.3d 292, 299 (5th Cir. 2007) ("Timeliness of removal is a procedural rather than jurisdictional issue and, accordingly, may be waived…").

[98] *See* Jt. Mot. to Remand, at p. 21, ¶ 38 [ECF No. 35, PageID 2636]. To the extent the issue still needs to be addressed, however, Respondents hereby incorporate the facts, argument, and authority set forth in their Joint Notice of Removal. *See* Jt. Not. of Removal, at pp. 5-7 [ECF No. 1, PageID 5-7] and pp. 18-22 [ECF No. 1, PageID 18-22].

**V.**
**CONCLUSION**

Movants' Motion for Remand should be denied because they have no viable claims against any non-diverse defendant. They have no viable claim against **Colburn** because: (1) he and Lopez-Orenday were co-employees of _both_ Hogan Personnel (their payroll employer) and Hogan Dedicated (their co-employer), and claims against co-employees of workers'-compensation subscribers (Hogan Dedicated _and_ Hogan Personnel here) are barred under the TWCA's exclusive-remedy bar; and (2) exemplary damages under the Texas Constitution require the recovery of actual damages—which Movants cannot recover against Colburn in view of the exclusive-remedy bar. Movants likewise have no viable claim against Bonk, because: (1) he and Lopez-Orenday were co-employees of workers'-compensation subscriber Hogan Dedicated; and (2) Bonk owed Lopez-Orenday no independent duty to provide him a safe workplace or safe premises. Because Movants have no _reasonable_ chance of recovery against either non-diverse defendant, Colburn and Bonk's citizenship must be disregarded, leaving complete diversity among the properly-joined defendants.

Further, Respondents' removal was not defective for lack of signatures, because as a "joint" motion, only one attorney was required to sign. Finally, Movants expressly waive any objection to the timeliness of the removal and Respondents' removal was timely nonetheless under the circumstances.

**WHEREFORE, PREMISES CONSIDERED,** Defendants Target Corporation and the Hogan Defendants respectfully pray that Plaintiffs' and Intervenor's Joint Motion for Remand be DENIED and for such other and further relief, in law or in equity, to which they may show themselves justly entitled.

- 23 -

Respectfully submitted,


/s/ Donna C. Peavler
**Donna C. Peavler**
State Bar No. 00783887
dpeavler@peavlerbriscoe.com
**Sara Kimbrough Scudday**
State Bar No. 24073675
sscudday@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT
TARGET CORPORATION**


-   **AND**   -


/s/ Caitlin J. Morgan (with consent/DCP)
**Caitlin J. Morgan**
State Bar No. 24074757
cmorgan@polsinelli.com
**McCall K. Bauersfeld**
State Bar No. 24116524
mbauersfeld@polsinelli.com
**POLSINELLI PC**
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
214-397-0030 (telephone)
214-397-0033 (fax)

**ATTORNEYS FOR DEFENDANTS
HOGAN DEDICATED SERVICES, LLC, HOGAN
PERSONNEL, LLC, HOGAN TRANSPORTS, INC. and
HOGAN SERVICES, INC.,**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, in accordance with and pursuant to the Federal Rules of Civil Procedure on August 1, 2022.

/s/ Donna C. Peavler
_____
Donna C. Peavler