IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANTONIO LOPEZ-VICTORINO, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00476-O |
| § | (Consolidated with Civil Action No. 4:21- |
| BRIAN LYNN COLBURN, *et al.*, § | cv-01184-O) |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Plaintiffs' Joint Motion for Remand, Brief in Support, and Appendix (ECF Nos. 34-36, respectively), the Response and Appendix filed by Defendant Target and all named Hogan Entities (ECF Nos. 56, 57), and Defendant Colburn's and Bonk's Response and Appendix (ECF No. 54, 55). After considering the pleadings and applicable legal authorities, the undersigned recommends that United States District Judge Reed O'Connor **GRANT** Plaintiffs' Joint Motion for Remand (ECF No. 34) and **REMAND** this case to the 96th Judicial District Court of Tarrant County, Texas.

**I.   BACKGROUND**

On October 10, 2020, a truck operated by Defendant Brian Colburn ("Colburn") struck Gerardo Lopez-Orenday ("Lopez") at the Target Distribution Center in Midlothian, Texas. ECF No. 2 at 4. Lopez eventually died as a result of his injuries. *Id.* Lopez's parents and wife initially sued Colburn in the 96th Judicial District Court of Tarrant County, Texas for negligence and wrongful death on October 22, 2020. *Id.* at 8, 10, 11, 17. In May 2022, they added claims against Defendant Gregory Bonk ("Bonk"), the fleet manager at the Target Distribution Center; Target Corporation ("Target"); and Hogan Dedicated Services, LLC ("Hogan Dedicated"), Hogan

Personnel ("Hogan Personnel"), LLC, Hogan Transports, Inc., and Hogan Services, Inc. ("Hogan Services") (collectively referred to as the "Hogan Defendants"). ECF No. 6 at 142, 189.

Target and the Hogan Defendants removed the action to this Court on June 1, 2022, based on diversity jurisdiction. ECF No. 1. Plaintiffs filed the Joint Motion to Remand on June 30, 2022, claiming that there was no diversity of citizenship between the parties since the Plaintiffs, Bonk, and Colburn were Texas citizens. ECF No. 34 at 5. Target and the Hogan Defendants allege that Colburn and Bonk were improperly joined, and therefore complete diversity between the parties exists. ECF No. 54 at 10; ECF no. 56 at 15, 16.

## II. LEGAL AUTHORITY

### A. Removal Standard

A defendant may remove a case to federal court when federal jurisdiction exists, and it properly follows the procedure for removal. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); 28 U.S.C. § 1441. The removing party bears the burden of establishing that a state court suit is removable to federal court. *Manguno*, 276 F.3d at 723. To determine whether there is removal jurisdiction, the Court considers the claims in the state court petition as they existed at the time of removal. *Id.* (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Courts should resolve any doubts about the propriety of removal in favor of remand. *Id.*

### B. Diversity Jurisdiction

A federal court has subject matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a) (1). Proper jurisdiction under 28 U.S.C. § 1332, requires complete diversity between plaintiffs and defendants. *McLaughlin v. Miss.*

*Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). For there to be complete diversity, all parties on one side of the controversy must be citizens of different states from all parties on the other side. *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968).

### III. ANALYSIS

#### A. All required Defendants properly consented to removal of this action.

Under 28 U.S.C. § 1446, civil actions removed on the basis of diversity jurisdiction require all properly joined and served defendants to join in or consent to the removal of the action. *See* 28 U.S.C. § 1446(2)(a). No affirmative written submission is needed from all of the removing defendants to meet this requirement. *See Crowell v. Shell Oil Co.*, 541 F.3d 295, 302 (5th Cir.2008) (holding that the joint notice of removal listing all the defendants and signed by one attorney of record satisfied the requirement that all defendants joined in removal). The parties only need to file the notice jointly, affirming to the court that all parties consent to the removal. *Grand Tex. Homes, Inc. v. Am. Safety Indem. Co.*, No. 3:12-CV-1773-M, 2012 WL 5355958, at *2 (N.D. Tex. 2012) (holding that jointly filed notices satisfied the removal requirements, but those not filed jointly did not). Additionally, a removing defendant "need not obtain the consent of a co-defendant that the removing party contends is improperly joined." *Mauldin v. Allstate Ins. Co.*, 757 F. App'x 304, 309 (5th Cir. 2018)

Plaintiffs allege that the Hogan Defendants and Target improperly removed the case because all of the Defendants did not consent to the removal in writing. ECF No. 35 at 10. However, under the Fifth Circuit authority just cited, proper removal only requires a joint notice of removal signed by one attorney of record. The Hogan Defendants and Target filed a joint notice of removal on June 1, 2022. ECF No. 1. The attorney of record for Target signed the Notice reflecting the Hogan Defendants' joinder. ECF No. 1 at 24. The removal, thus, was proper. *See*

3

*Crowell*, 541 F.3d at 302. Additionally, Target and Hogan did not need Colburn's and Bonk's consent to remove the case as they alleged that Colburn and Bonk were improperly joined. *Mauldin*, 757 F. App'x at 309. Under these circumstances, the removal was procedurally proper.

> **B.  Colburn and Bonk were Lopez's Co-Employees and under Texas Labor Code § 408.001(a) could not be sued for negligence.**

The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The court may ignore an improperly joined, non-diverse defendant in determining subject matter jurisdiction. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). A removing party attempting to prove improper joinder carries a heavy burden. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).

The Fifth Circuit recognizes two ways for the removing party to establish improper joinder. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The party must prove either actual fraud in the pleading of jurisdictional facts or that there is no reasonable possibility that the plaintiff can establish a cause of action against the non-diverse party in state court. *Id*. The second type of improper joinder is at issue in this case, as the Defendants claim that the Texas Workers' Compensation Act ("TWCA") bars any cause of action against Colburn and Bonk. ECF No. 54 at 5, 6; EFC No. 56 at 15, 16.

To prevail on their improper joinder claim, Defendants must show that there is "no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against" them. *Smallwood*, 385 F.3d at 573. A "reasonable basis" requires more than a theoretical possibility of recovery. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003). In evaluating fraudulent joinder claims, the Court initially must resolve all disputed questions of fact and all

4

ambiguities in the controlling state law in favor of the non-removing party. *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). The Court can resolve improper joinder claims by "piercing the pleadings" and considering summary judgment-type evidence such as affidavits and deposition testimony. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994).

Defendants allege that Plaintiffs cannot sue Colburn and Bonk because they are immune under the TWCA. ECF No. 54 at 10; EFC No. 56 at 15-16. The TWCA provides that recovery of workers' compensation benefits is the exclusive remedy for an employee, or a legal beneficiary of an employee, covered by workers' compensation insurance coverage against the employer, or agent or employee of the employer, for the death of or a work-related injury of an employee. Tex. Labor Code Ann. § 408.001; *Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex. 1981) (holding that the TWCA exempts employers from common law liability based on negligence); *Paradissis v. Royal Indem. Co.*, 507 S.W.2d 526, 528 (Tex. 1974) (holding that negligence is "covered by and compensable exclusively under the workmen's compensation laws"). Thus, to invoke the TWCA's bar as to claims against Colburn and Bonk, Defendants must establish that Lopez died due to a work-related injury, that workers' compensation insurance covered him, and that Colburn and Bonk were his co-employees.

Neither side disputes that Lopez died due to a work-related injury or that workers' compensation insurance covered him. ECF. No 35 at 7, 19; ECF No. 56 at 9, 10. The parties disagree whether Colburn and Bonk were his co-employees and immune from suit. ECF. No. 35 at 14; ECF No. 54 at 5; No. 56 at 18. Plaintiffs argue that because Hogan Personnel employed Lopez, Hogan Dedicated employed Colburn, and Hogan Services employed Bonk, they were not co-employees of each other. ECF No. 35 at 16-18. Defendants do not dispute that the respective Hogan entities employed Lopez, Colburn, and Bonk. ECF No. 56 at 17. However, they assert that

because employees can have more than one employer for the purposes of TWCA immunity, all of the men were employees of Hogan Dedicated. *Id*.

An employee may have more than one employer within the meaning of the TWCA, and each employer may raise the exclusive remedy provision as a bar to the employee's claims. *W. Steel Co. v. Altenburg*, 206 S.W.3d 121, 123 (Tex. 2006). An entity is considered an "employer" if it meets the TWCA's definition of "employer," or the entity has the "right to control" the employee. *Wingfoot Enterprises v. Alvarado*, 111 S.W.3d 134, 145-46 (Tex. 2003). The statute defines "employer" as a person who makes a contract of hire, employs one or more employees, and has workers' compensation insurance coverage. Tex. Labor Code § 401.011(18). The TWCA exclusive remedy protection applies to a general employer and an employer that exercises control over the employee. *Id.* at 144. The evidence suggests that Hogan Dedicated employed Colburn, Bonk, and Lopez either as a general employer under the TWCA definition or by controlling their work.

Hogan Dedicated employed Colburn under the TWCA's definition of employer. *See* ECF No. 36-4 at 1. Scott Randall, Vice President of Hogan Dedicated, testified by affidavit that Hogan Dedicated employed Colburn. *Id.* Colburn worked at the Target facility as a yard driver for Hogan Dedicated. ECF No. 58 at 3-4.

Bonk was paid, and therefore employed, by Hogan Services. ECF No. 36-7 at 2, 3. However, Bonk believed that he worked solely for Hogan Dedicated. ECF No. 36-7 at 2. Hogan Dedicated also controlled all of Bonk's actions as a fleet manager for Hogan Dedicated. ECF No. 58 at 4. As a fleet manager, Bonk had authority to hire the yard drivers and was responsible for their training and supervision. ECF No. 58 at 3-4. Moreover, all work that Bonk performed was

for Hogan Dedicated's benefit pursuant to its contract with Target. *Id.* at 3-4. Hogan Dedicated controlled Bonk's work at the Target facility, and therefore was his employer.

Lopez's life insurance and USCIS Form I-9 both identified Hogan Personnel as his employer. ECF No. 36-1 at 6, 7; ECF No. 36-2 at 20. However, Bonk, who was working on behalf of Hogan Dedicated, controlled his work at the Target facility as a yard driver. Bonk instructed Lopez "when [he was] to work at the Distribution Center," "the details of how that work was to be done," and could terminate or otherwise reprimand Lopez if necessary. ECF No. 58 at 3-4. Similar to Bonk, all work that Lopez performed was for Hogan Dedicated's benefit pursuant to its contract with Target. *Id.* Hogan Dedicated, therefore, had the right to control the details of Lopez's work at the Target facility and was his employer.

Thus, Plaintiff's argument that Lopez, Colburn, and Bonk were not co-employees because they were employed by different entities is not applicable to this situation. Hogan Dedicated had the "right to control" all three men at the Target facility. Moreover, Plaintiffs' policy argument that the Court should not consider the three men to be co-employees "simply because the work was for the 'benefit' of Hogan Dedicated" is not convincing. ECF No. 35 at 20. Plaintiffs argue that the "benefit" argument would allow "every independent subcontractor providing work for the benefit of a general contractor or even a client are also employees of said general contractor or client," but they have offered no evidence or reason to suggest that Lopez and Bonk acted as independent contractors rather than employees. *Id.* Their argument based on this distinction is not persuasive.

Though the Court initially must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party in fraudulent joinder cases, Plaintiffs have not established any disputed facts regarding the co-employee status of Lopez, Colburn, and

Bonk. *Dodson*, 951 F.2d at 42. Hogan Dedicated was the employer of all three men at the Target facility for purposes of the TWCA, and Colburn and Bonk are immune from suit for ordinary negligence. Therefore, to that extent they were fraudulently joined under § 408.001(a), and their non-diverse citizenship does not affect the Court's diversity jurisdiction.

      **C.**    **Texas Labor Code § 408.001(b) likely permits Plaintiffs to sue Colburn for gross negligence.**

Plaintiffs assert that regardless of whether Bonk and Colburn were Lopez's co-employees, Plaintiffs properly joined Colburn since they have a viable cause of action under Texas Labor Code § 408.001(b) and Article 26 of the Texas Constitution for his gross negligence in causing Lopez's death. ECF No. 35 at 21. Defendants disagree and argue that the TWCA does not allow a claim for gross negligence against a co-employee. ECF No. 56 at 22.

The Texas Supreme Court has not decided whether survivors of an employee covered by workers' compensation insurance may sue a co-employee for gross negligence under § 408.001(b)'s immunity carve-out. Absent such a final determination, the Court looks to the decisions of the courts of appeal as the best indicator of what the Texas Supreme Court would do, absent a compelling reason why their decision would not apply. *Kelly v. Nichamoff*, 868 F.3d 371, 375 (5th Cir. 2017). The Texas Courts of Appeals are split on this issue.

In *Garrett v. Patterson-UTI Drilling Co., L. P.*, the court held that the TWCA's bar on suing co-employees was constitutional and that Garrett waived his right to assert a claim for wrongful death, including a claim for gross negligence, against his co-worker by accepting workers' compensation coverage. 299 S.W.3d 911, 916-17 (Tex. App.—Eastland 2009, no pet.). By contrast, the court in *Aguirre v. Vasquez* found that the deceased's wife and children had a claim for gross negligence under § 408.001(b) against a co-employee. *Aguirre v. Vasquez*, 225 S.W.3d 744, 753-54 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

8

Given the lack of consensus in the Texas courts, the undersigned looks for guidance to a case with similar facts, *Porter v. Cabello*, No. 3:19-CV-1330-G, 2019 WL 6173763 (N.D. Tex. 2019). In *Porter*, Senior United States District Judge A. Joe Fish held that the survivor of a deceased person who had been covered by workers' compensation insurance could sue the deceased's co-employee for gross negligence. Defendants urge the Court to disregard *Porter* because Judge Fish did not consider the *Garrett* opinion in reaching his decision. ECF No. 56 at 28, 29. The Court is troubled by this fact, but cannot fault Judge Fish's conclusion based on a reasoned analysis, particularly since "the Fifth Circuit has instructed that 'any doubt as to the propriety of removal should be resolved in favor of remand.'" *Porter* at *5 (quoting Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008)).

While the opinions of other judges of this Court are not binding as the "law of the district," the undersigned "invariably gives serious and respectful consideration to the decisions of other judges of this court on questions of law—and typically follows them because they are usually correct and because predictability in such matters is desirable." *SEC v. Cuban*, 798 F. Supp. 2d 783, 788 (N.D. Tex. 2011) (Fitzwater, S.J.); *Smith v. Buffalo Wild Wings*, No. 3:20-CV-2875-D, 2021 WL 4265849, at *3 (N.D. Tex. 2021) (same).

Since Judge Fish ultimately decided that the survivor of an employee covered by workers' compensation insurance could sue a co-employee for gross negligence, the undersigned similarly concludes that the Plaintiffs can sue Colburn for gross negligence under § 408.001(b). Thus, because Plaintiffs and Colburn are citizens of Texas, complete diversity does not exist between the parties, and the Court is left without subject matter jurisdiction. For this reason, Judge O'Connor should remand the case to the 96th Judicial District Court of Tarrant County, Texas.

## IV. CONCLUSION

Because the Plaintiffs can sue Defendant Colburn for gross negligence under Texas Labor Code § 408.001(b), Colburn was not improperly joined as a defendant, there is not complete diversity of the parties, and the case was not properly removed from state court. Accordingly, the undersigned recommends that United States District Judge Reed O'Connor **GRANT** Plaintiffs' Joint Motion for Remand (ECF No. 34) and **REMAND** this action to the 96th Judicial District Court of Tarrant County, Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on February 10, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE