IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANTONIO LOPEZ-VICTORINO, FATHER OF GERARDO LOPEZ-ORENDAY, DECEASED, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAN LYNN COLBURN, et al.<br><br>Defendants. | § § § § § § § § § § § § | Civil No. 4:22-cv-476-O<br>(Consolidated with Civil Action<br>No. 4:21-cv-001184-O) |

**DEFENDANTS' OBJECTION TO FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Defendants Brian Lynn Colburn, Gregory Lynn Bonk, Hogan Dedicated Services, LLC, Hogan Personnel, LLC, Hogan Transports, Inc. and Hogan Services, Inc. respectfully object to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 124) (the "Report") because (1) it recommends remand of claims for which this Court has original jurisdiction; (2) it fails to include a finding on whether the Court should retain jurisdiction of the state court claims under supplemental jurisdiction, an issue raised by Defendants in their response to the motion to remand; and (3) it incorrectly predicts how the Texas Supreme Court would decide a state law issue.

I.

This case is a consolidation of two cases. The first, *Hogan Dedicated Services, LLC and Hogan Personnel, LLC v. Antonio Lopez-Victorino, et al.*, was filed in this Court as Civil Action No. 4:21-cv-1184-O (the "DJ Action") and asserts claims for declaratory relief per 28 U.S.C. § 2201(a). The second, *Antonio Lopez-Victorino, et al. v. Brian Lynn Colburn, et al.*, was originally filed in Texas state court and removed to this Court as Civil Action No. 4:22-cv-

1

00476-O (the "Removed Case") based on diversity jurisdiction under 28 U.S.C. § 1332. Finding that the two cases arose from the same circumstances and shared common questions of law and fact, the Court consolidated the cases by Order dated June 24, 2022 (ECF No. 22) and denied as moot a motion to dismiss (ECF No. 7) in the DJ Action and a motion to stay (ECF No. 20) in the Removed Case. Although the DJ Action and the Removed Case were consolidated into case number 4:22-cv-00476-O, the Hogan entities' declaratory relief claims remain in the case.

A case removed from state court must be remanded if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Conversely, remand is not appropriate for cases originally filed in a federal court. *See, e.g., Foster v. Graves*, 428 F. App'x 348, 351 (5th Cir. 2011) ("a district court does not have authority … to remand or transfer a case to state court if the matter was not initially filed in state court and subsequently removed to federal court"). In situations in which a federal court case is consolidated with a state court case, only the state court case is subject to remand. *See Payne v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 75 F. App'x 903, 906 (4th Cir. 2003) ("while a district court has the discretion to remand a case removed from state court, it may not remand a case that was never removed from state court, even though the two cases have been consolidated for purposes of convenience and administration").

Here, the DJ Action was originally filed in federal court, not in state court, and there is no state court to which to remand the DJ Action. *See id.* The Court has subject matter jurisdiction of the DJ Action and the declaratory relief claims asserted by the Hogan entities per 28 U.S.C. § 2201(a). Because the Hogan entities' claims in the DJ Action were not removed

2

from state court, those claims cannot be remanded and Defendants' object to the Report's recommendation to remand those claims.

## II.

The second objection to the Report is it does not address Defendants' assertion that the Court should retain jurisdiction over the state court claims based on supplemental jurisdiction. This issue was properly raised and briefed by Defendants Colburn and Bonk in their response[1] to Plaintiffs' motion to remand but was not addressed in the Report. The only claim that the Report determined destroys diversity in this case is the gross negligence claim against Colburn - a claim Defendants assert does not exist as set forth in the following section. If the Court were to conclude, however, that a plausible claim exists against Colburn, that claim "is so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). For this and the reasons stated in the Colburn-Bonk response to the motion to remand, this Court should exercise supplemental jurisdiction over the state court claims and Defendants object to the Report's failure to make a recommendation on this issue.

## III.

The Report correctly found that Plaintiffs' decedent died from a work-related injury and that workers' compensation insurance covered him. ECF No. 124, at 5. The Report further correctly found that Hogan Dedicated was the employer or Plaintiffs' decedent, Colburn, and Bonk for purposes of the Texas Workers' Compensation Act ("TWCA") and that Colburn and Bonk are immune from suit for ordinary negligence. ECF No. 124, at 8.

---

[1] ECF No. 54, at 8-10.

Defendants object, however, to the conclusions in the Report that Texas Labor Code § 408.001(b) likely permits Plaintiffs to sue Colburn for gross negligence and that Colburn was thus properly joined as a defendant in the Removed Case. These findings are based on a prediction that the Texas Supreme Court would interpret § 408.001(b) to allow the survivors of an employee covered by workers' compensation insurance to recover exemplary damages from a co-employee. Defendants respectfully submit this is incorrect and object to it.

As noted by Magistrate Judge Ray, there are no Texas Supreme Court opinions on this issue. Without Texas Supreme Court precedent, Judge Ray looked at two intermediate appellate opinions: *Garrett v. Patterson-UTI Drilling Co., LP*, 299 S.W.3d 911 (Tex.App.—Eastland 2009, pet. denied),[2] and *Aguirre v. Vasquez*, 225 S.W.3d 744 (Tex.App.—Houston [14th Dist.] 2007, no pet.). The *Garrett* court concluded the deceased employee's family could not pursue gross negligence claims against the co-employee because the deceased employee waived his rights to assert any claims against the co-employee by accepting workers' compensation benefits. 299 S.W.3d at 916. The waiver in *Garrett* resulted from the deceased employee's decision to accept comp benefits, which resulted in an election of remedies. *Id.* Like the deceased worker in *Garrett*, the deceased worker here also made an election of remedies by not opting out of comp benefits.[3] Under Texas law, "the exclusive remedy for an employee who does not opt out is the recovery of workers' compensation benefits for personal injuries sustained in the course of employment." *ExxonMobil Corp. v. Kirkendall*, 151

---

[2]   The Report incorrectly cites *Garrett* as being a "no pet." case. A petition for review in *Garrett* was filed on December 28, 2009, in the Texas Supreme Court as case number 09-1073 and denied on May 7, 2010. *See* https://search.txcourts.gov/Case.aspx?cn=09-1073&coa=cossup [accessed Feb. 20, 2023].

[3]   *See* Affidavit of Scott Randall, at 19 (ECF No. 58, at PageID 2910).

S.W.3d 594, 599 (Tex. App.—San Antonio 2004, pet. denied).[4] The Report correctly notes that the *Garrett* court directly held that the TWCA's bar on suing co-employees was constitutional and that the employee's acceptance of comp benefits waived his right to assert a claim for wrongful death. ECF No. 124, at 8.

Judge Ray then noted that another Texas court of appeal found a deceased worker's wife and children could assert a gross negligence claim under §408.001(b) against a co-worker, *Aguirre*, 225 S.W.3d at 753-74. Unlike the *Garrett* court, the *Aguirre* court did not discuss this issue other than to state:

> The Act does not prohibit recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused *by an intentional act or omission of the employer or by the employer's gross negligence.* Therefore, the gross negligence claim for exemplary damages filed by [the deceased worker's] family members survives the exclusivity provisions of the Act.

225 S.W.3d at 753-754 (internal citations omitted, emphasis added). Notably missing from this statement by the *Aguirre* court (and from § 408.001(b), for that matter) is any mention of an intentional act or omission by *a co-employee* or a *co-employee's* gross negligence. There is no indication in the *Aguirre* opinion that the court considered whether the gross negligence exception in § 408.001(b) applies only to employers or also includes employees. That is because the eligible family members never argued that claims against the decedent's co-employee for gross negligence were barred; they instead asserted on summary judgment that "the record contained no evidence of gross negligence or that no genuine issue of material fact existed as to whether Ernesto was grossly negligent." *Id.* at 754. Absent any discussion of this issue, Defendants respectfully submit that the *Aguirre* case does not

---

[4] The *Aguirre* case also states this principal of Texas law: "Appellants waived their common-law rights by failing to waive workers' compensation coverage under the Act." 225 S.W.3d at 753.

represent a split in the Texas Courts of Appeal on this issue and that the only state court opinion to address the issue is *Garrett*.

Moreover, precisely because the court in *Aguirre* concluded that no evidence of gross negligence by the co-employee existed, any implicit suggestion by the court that a gross-negligence claim survives the TWCA's exclusive-remedy provision, in addition to being unreasoned, was unnecessary to the court's decision, is unconsidered dicta, and thus is not an indication of how the Texas Supreme Court would decide the question. *See Hollis v. Hill*, 232 F.3d 460, 465 (5th Cir. 2000) (noting that federal courts may consider "considered dicta" in "determining what a state's highest court would hold with respect to a particular issue"); *McKenna v. Ortho Pharm. Corp.*, 622 F.2d 657, 662 (3d Cir. 1980) (stating that "a federal court should be circumspect in surrendering its own judgment concerning what the state law is on account of dicta"). *See also United States v. Segura*, 747 F.3d 323, 328–29 (5th Cir. 2014) ("A statement is dictum if it could have been deleted without seriously impairing the analytical foundations of the holding and being peripheral, may not have received the full and careful consideration of the court that uttered it.").

Because *Garrett* is the only opinion that actually examines the issue presented, and does so in support of *a holding* that the Texas Constitution does not compel a gross-negligence claim against a co-employee to survive § 408.001(a), it is the "strongest indicator of what [the Texas] supreme court would do"[5] and is determinative on this issue. Defendants object to the Report's finding that a split of authority on the issue exists and to the failure to follow *Garrett*.

---

[5]  *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017).

The Report also cites, and relies on, *Porter v. Cabello*, No. 3:19-CV-1330-G, 2019 WL 6173763 (N.D. Tex. 2019). As noted in the Report and in Defendants' briefing, Judge Fish did not consider *Garrett* in his analysis of this state court issue, instead relying on what he called "two sentences" in the *Aguirre* opinion to conclude that "Texas courts would likely find the plaintiff's claim cognizable here." 2019 WL 6173763, at *4. Those two sentences are the ones quoted above and, as noted, do not even contain the word "employee," let alone any discussion of how § 408.001(b) applies to co-workers.  Judge Fish referred to these two sentences as the *Aguirre* court's "interpretation of" section 408.001(b), but as the Court will observe, the *Aguirre* decision never considered that it was engaged in statutory interpretation. Nor did Judge Fish acknowledge in *Porter* that the cursory and unconsidered statement in *Aguirre* is dicta. *Porter* is not a persuasive indicator of how the Texas Supreme Court would decide the issue.  It must yield to *Garrett.*

As an original matter, Defendants' reading of § 408.001(b) is persuasive and compelled by the clear language of the statute. *See RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985) ("Unless a statute is ambiguous, we must follow the clear language of the statute."). The exemplary damages exception to the comp bar in Section 408.001(b) is very clearly and unambiguously worded. It carves out only claims for death caused by "*the employer* or by *the employer's* gross negligence." (Emphasis added). This is significant given that § 408.001(a) specifically includes an "employee of the employer." If the Texas Legislature had intended to include co-workers in the exemplary damages exception of § 408.001(b), it would have included co-workers in that section, as it did in subsection (a). In predicting how the Texas Supreme Court rule on this issue, the Court should look at the rules of statutory construction used by Texas courts.

7

Under Texas law, "If a statute is worded clearly, we must honor its plain language, unless that interpretation would lead to absurd results." *Combs v. Health Care Servs. Corp.*, 401 S.W.3d 623, 629 (Tex. 2013). "A court may not judicially amend a statute and add words that are not implicitly contained in the language of the statute. *Only when it is necessary to give effect to the clear legislative intent can we insert additional words into a statutory provision.*" *Jones v. Liberty Mutual Ins. Co.*, 745 S.W.2d 901, 902 (Tex. 1988) (internal citations omitted, emphasis added). "The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). Here, the plain meaning of the text of § 408.001(b) is that the exemplary damages exception applies to workplace deaths "caused by an intentional act or omission *of the employer* or by *the employer's* gross negligence." It is not apparent from the context that the Texas Legislature intended to include a co-worker's gross negligence, and limiting the exception to employers does not create an absurd result.[6] Plaintiffs might argue that inserting "or employee of the employer" into the gross negligence portion of § 408.001(b) would be reasonable, but "reasonableness is not the standard for eschewing plain statutory language." *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 570 (Tex. 2014) (quoting *In re Blair*, 408 S.W.3d 843, 859 (Tex. 2013) (orig. proceeding) (Boyd, J., concurring)).

Section 408.001(b) says what it says—there is an exception to the workers' comp bar that allows the family of a deceased worker to recover exemplary damages if the death was caused by the employer's gross negligence. It does not say the family can recover exemplary

---

[6] "Unintended, improvident, inequitable, over-inclusive, or under-inclusive consequences of a statute"—none of which Defendants' position creates—"is not proof of absurd results." *Choice! Power, L.P. v. Feeley*, 501 S.W.3d 199, 214 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

damages *from a co-worker* for his gross negligence, and the only way to interpret the statute in that fashion is to ignore the plain language of the statute and insert words the Texas Legislature did not use. Defendants respectfully submit that the Texas Supreme Court would "enforce [§ 408.001(b)] 'as written' and 'refrain from rewriting text that lawmakers chose.'" *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014) (quoting *Energy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009) (declining to interpret statute's reference to "plaintiff" as including other types of claimants, such as cross-claimants or third-party plaintiffs).[7] Put another way, the Texas Supreme Court would "presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). Here, the Legislature did not include co-workers in § 408.001(b)'s exception, yet did include them in § 408.001(a)'s broad exclusive-remedy provision. Under Texas law and common language norms, the presumption is this was a purposeful omission. Because application of § 408.001(b) would not produce an absurd result, the Court should predict the Texas Supreme Court would not include co-workers in the exemplary damages exception and find that Colburn and Bonk are immune from such claims and thus improperly joined in this case.

WHEREFORE, for the reasons stated above, Defendants respectfully object to the Magistrate Judge's Report and request the Court reject the recommendations of the Report. Defendants further request this Court find that § 408.001(b) is unambiguously and clearly

---

[7] *See also Jones v. Liberty Mutual Ins. Co.*, 745 S.W.2d 901, 902 (Tex. 1988) ("A court may not judicially amend a statute and add words that are not implicitly contained in the language of the statute. Only when it is necessary to give effect to the clear legislative intent can we insert additional words into a statutory provision." (internal citations omitted)).

worded and does not permit a surviving spouse or heirs of the body of a deceased worker to sue a co-worker for exemplary damages. Defendants further request the Court find that Colburn and Bonk are thus immune from Plaintiffs' claims and were not properly joined in this case. Because complete diversity exists with such a finding, the Court should deny Plaintiffs' motion to remand.

Respectfully submitted,

*/s/ Steven L. Russell*
Michael C. Wright
Texas Bar No. 22049807
mwright@rwtrial.com

Steven L. Russell
Texas Bar No. 17437040
srussell@rwtrial.com

**RUSSELL & WRIGHT, PLLC**
15770 Dallas Parkway, Suite 1050
Dallas, Texas 75248
(972) 267-8400
(972) 267-8401 (fax)

**Attorneys for Defendant**
**Brian Lynn Colburn**


*/s/ Roy T. Atwood*
Roy T. Atwood, P.C.
Texas State Bar No. 01428040

**ATWOOD GAMEROS, L.L.P.**
6116 N. Central Expressway, Suite 1400
Dallas, Texas   75206
Telephone:         (214) 559-7399
Facsimile: (214) 481-5502
E-mail:  royatwood@atwoodgameros.com

**COUNSEL FOR DEFENDANT BONK**

**WALTERS BALIDO & CRAIN, L.L.P.**

By: */s/ Jonathan Davenport*
JONATHAN L. DAVENPORT – 24012502
JERRY L. EWING – 06755470
Meadow Park Tower, Suite 1500
10440 North Central Expressway
Dallas, Texas 75231
(214) 749-4805
(214) 760-1670 - Facsimile
davenportfax@wbclawfirm.com

**Counsel for Defendants Hogan Dedicated Services, LLC, Hogan Personnel, LLC, Hogan Transports, Inc. and Hogan Services, Inc.**

## Certificate of Service

I certify that a true and correct copy of the foregoing document was served on all counsel of record using the Court's ECF system on February 23, 2023.

*/s/ Steven L. Russell*
Steven L. Russell