IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANTONIO LOPEZ-VICTORINO, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| § | Civil Action No.  4:22-cv-00476-O |
| v. § | (Consolidated with Civil Action No. |
| § | 4:21-cv-01184-O) |
| § | |
| BRIAN LYNN COLBURN, et al., § | |
| § | |
| Defendants. § | |

**OPINION & ORDER PARTIALLY ACCEPTING AND PARTIALLY REJECTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiffs' and Intervenor's Joint Motion to Remand (ECF No. 34), filed June 30, 2022. On February 10, 2023, the United States Magistrate Judge issued his Findings, Conclusions, and Recommendation (ECF No. 124), wherein he recommended that the undersigned grant the Joint Motion to Remand and remand this case to the 96th Judicial District Court of Tarrant County, Texas. Later, on February 23, 2023, Defendants Brian Lynn Colburn, Gregory Lynn Bonk, Hogan Dedicated Services, LLC, Hogan Personnel, LLC, Hogan Transports, Inc. and Hogan Services, Inc. filed their Objection to Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 126). And on March 8, 2023, Plaintiffs and Intervenor filed their Response to Defendants' Objection to Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 129). As such, the Joint Motion to Remand and the Magistrate Judge's Findings, Conclusions, and Recommendation are ripe for consideration.

After reviewing all relevant matters of record in this case in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge determines that the Findings, Conclusions, and

1

Recommendation of the Magistrate Judge should be **ACCEPTED in part** and **REJECTED in part**. Similarly, the Joint Motion to Remand should be **GRANTED in part** and **DENIED in part**. Specifically, the Court finds that all of Plaintiffs' and Intervenor's claims which were initially brought in state court should be **REMANDED** to the 96th Judicial District Court of Tarrant County, Texas. Since the Court cannot remand the Defendants' remaining claims over which it retains original jurisdiction, the Court finds that those claims seeking a declaratory judgment should be **DISMISSED.**

## I.    BACKGROUND

On October 10, 2020, a truck operated by Defendant Brian Colburn ("Colburn") struck Gerardo Lopez-Orenday ("Lopez") at the Target Distribution Center in Midlothian, Texas.[1] Lopez eventually died as a result of his injuries.[2] This incident sparked two separate lawsuits which were eventually consolidated into the present suit.

The first lawsuit (the "State Action") began when Plaintiff Antonio Lopez-Victorino, the decedent's father, sued Defendant Colburn in the 96th Judicial District Court of Tarrant County, Texas on October 22, 2020.[3] The decedent's wife, Maria Jackson, intervened in that suit shortly after it was filed.[4] The second lawsuit (the "Declaratory Judgment Action") began over a year later, on October 27, 2021, when Hogan Dedicated Services, LLC ("Hogan Dedicated") and Hogan Personnel, LLC ("Hogan Personnel") filed suit in federal court seeking declaratory relief against

---

[1] Findings, Conclusions, and Recommendation 1, ECF No. 124.
[2] *Id*.
[3] Plaintiff's Original Petition and Application for Temporary Restraining Order, For Injunctive Relief, and For an Order to Enter Upon Property, ECF No. 2 at 2–16.
[4] Intervenor's Original Petition, ECF No. 2 at 203–212.

Antonio Lopez-Victorino and Maria Jackson, after being subjected to several non-party discovery requests from them in the state lawsuit.[5]

Both suits proceeded in tandem until May 2022 when the decedent's parents[6] and wife amended their petitions in the State Action to add claims against Defendant Gregory Bonk ("Bonk"), the fleet manager at the Target Distribution Center; Target Corporation ("Target"); and Hogan Dedicated, Hogan Personnel, Hogan Transports, Inc. ("Hogan Transports"), and Hogan Services, Inc. ("Hogan Services") (collectively referred to as the "Hogan Defendants").[7] The new defendants promptly removed the matter to federal court on June 1, 2022.[8] The Court consolidated the now-removed State Action with the Declaratory Judgment Action on June 24, 2022.[9] And on June 30, 2022, the state court Plaintiffs and Intervenor filed their Joint Motion to Remand.[10]

## II. LEGAL STANDARDS[11]

### a. Removal Standard

A defendant may remove a case to federal court when federal jurisdiction exists, and it properly follows the procedure for removal. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); 28 U.S.C. § 1441. The removing party bears the burden of establishing that a state court suit is removable to federal court. *Manguno*, 276 F.3d at 723. To determine whether there is removal jurisdiction, the Court considers the claims in the state court

---

[5] Plaintiff's Original Complaint, *Hogan Dedicated Services, LLC and Hogan Personnel, LLC v. Antonio Lopez-Victorino, et al.*, No. 4:21-cv-01184-O (N.D. Tex. Oct. 27, 2021).
[6] The decedent's mother, Blanca Orenday, was added as a plaintiff in the State Action for the first time on May 12, 2022. *See* Plaintiff's Second Amended Petition and Application for Temporary Restraining Order, For Injunctive Relief, and For an Order to Enter Upon Property, ECF No. 6 at 142–181.
[7] Findings, Conclusions, and Recommendation 1–2, ECF No. 124.
[8] *Id.* at 2.
[9] June 24, 2022 Order, ECF No. 22.
[10] Joint Motion to Remand, ECF No. 34.
[11] Since neither party objected to the legal standards that the United States Magistrate Judge relied upon, the Court adopts the same legal standards for its analysis here. *See* Findings, Conclusions, and Recommendation 2–3, ECF No. 124.

petition as they existed at the time of removal. *Id.* (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Courts should resolve any doubts about the propriety of removal in favor of remand. *Id.*

### b. Diversity Jurisdiction

A federal court has subject matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Proper jurisdiction under 28 U.S.C. § 1332, requires complete diversity between plaintiffs and defendants. *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). For there to be complete diversity, all parties on one side of the controversy must be citizens of different states from all parties on the other side. *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968).

### III. ANALYSIS

Defendants' object to the Magistrate Judge's Findings, Conclusions, and Recommendation for three reasons: "(1) it recommends remand of claims for which this Court has original jurisdiction; (2) it fails to include a finding on whether the Court should retain jurisdiction of the state court claims under supplemental jurisdiction . . . ; and (3) it incorrectly predicts how the Texas Supreme Court would decide a state law issue."[12] As a preliminary matter, Defendants are correct that the Court cannot remand claims to a state court when those claims never originated in a state court. *See, e.g.*, 28 U.S.C. § 1447 (only allowing remand "to the State court from which [a case] was removed"); *see also*, *Foster v. Graves*, 428 F.App'x 348, 351 (5th Cir. 2011) (per curiam) ("[A] district court does not have the authority to direct the performance of a state or county actor

---

[12] Defs.' Obj. to Findings, Conclusion, and Recommendation 1, ECF No. 126.

or agency or to remand or transfer a case to state court if the matter was not initially filed in state court and subsequently removed to federal court.").

This leaves three issues for the Court to address. First, can the Court exercise diversity jurisdiction over the State Action claims, pursuant to 28 U.S.C. § 1332. Second, if diversity jurisdiction is unavailable, can the Court exercise supplemental jurisdiction over the State Action claims, pursuant to 28 U.S.C. § 1367. And third, should the Court continue to exercise jurisdiction over the Declaratory Judgment Action. Answering these questions, the Court finds that 28 U.S.C. § 1332 does not allow the Court to retain original jurisdiction over the State Action claims and 28 U.S.C. § 1367 cautions against exercising supplemental jurisdiction over the State Action claims. Thus, the State Action claims must be remanded. Further, the Court determines that continued jurisdiction over the Declaratory Judgment Action would be improper, so those claims must be dismissed.

### a. The Court Lacks Original Jurisdiction Over the State Court Claims

A federal court can only exercise original jurisdiction over a case pursuant to 28 U.S.C. § 1332 when there is complete diversity of citizenship between both sides of the suit. *See* 28 U.S.C. § 1332(a). It is undisputed that complete diversity does not exist between Plaintiffs and Intervenor, on the one hand, and Defendants, on the other. Nevertheless, Defendants argue that the Court can exercise diversity jurisdiction over this case since the defendants who defeat diversity—Defendants Colburn and Bonk—are improperly joined. The question of whether Defendants Colburn and Bonk are properly joined turns on whether Plaintiffs and Intervenor can maintain a cause of action against them under state law. Because Texas state law may allow Plaintiffs and Intervenor to maintain a claim of gross negligence against Defendant Colburn, joinder of Defendant Colburn is proper, diversity is defeated, and remand is appropriate.

The relevant issue of state law is whether Texas Labor Code § 408.001(b) permits Plaintiffs and Intervenor to sue Defendant Colburn, an alleged co-employee of the decedent, for gross negligence. The Magistrate Judge correctly identified that the Texas Supreme Court has not ruled on this issue.[13] Moreover, the parties point to a split of authority on this question. Defendants cite to *Garrett v. Patterson-UTI Drilling Co., L.P.* where the court held that the deceased employee's family waived their right to assert a claim for wrongful death against the decedent's co-worker, including a claim for gross negligence, by accepting workers' compensation coverage. 299 S.W.3d 911, 916-17 (Tex. App.—Eastland [11th Dist.] 2009, pet. denied). Conversely, Plaintiffs and Intervenors raise the case of *Aguirre v. Vasquez* where the court found that the deceased's wife and children had a claim for gross negligence under § 408.001(b) against a co-employee. 225 S.W.3d 744, 753-54 (Tex. App.—Houston [14th Dist.] 2007, no pet.). And importantly, even though the ultimate dispositions of these cases are highly fact dependent, the Court believes that they are in conflict.

The notion that Texas law does—or at least may—permit Plaintiffs' and Intervenor's claims against Defendant Colburn to proceed is further supported by *Porter v. Cabello*. In *Porter*, the court held that the survivor of a deceased person who had been covered by workers' compensation insurance could sue the deceased's co-employee for gross negligence. *Porter v. Cabello*, No. 3:19-CV-1330-G, 2019 WL 6173763 at *3–5 (N.D. Tex. 2019); *see also*, Findings, Conclusions, and Recommendation 9, ECF No. 124 (discussing *Porter*).

While the Court withholds judgment on the correct interpretation of Texas Labor Code § 408.001(b), the Court finds that the state law is conflicted in a way that leaves open the possibility of a claim against Defendant Colburn. This is turn means that Defendant Colburn may be properly

---

[13] Findings, Conclusions, and Recommendation 8, ECF No. 124.

joined in the State Action and complete diversity may be defeated. Faced with ambiguities such as these, the Court cannot exercise original jurisdiction over the State Action. *See Manguno*, 276 F.3d at 723 ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."). Therefore, barring an exercise of supplemental jurisdiction over the State Action, the Court must remand the State Action.

### b. The Court Declines to Exercise Supplemental Jurisdiction Over the State Court Claims

As it stands, the Court lacks diversity jurisdiction over the State Action but retains federal question jurisdiction over the Declaratory Judgment Action. Because the two suits have been consolidated, Defendants argue that the Court's federal question jurisdiction over the Declaratory Judgment Action allows it to exercise supplemental jurisdiction over the State Action, even though the Court lacks original jurisdiction over the State Action. The Court disagrees with Defendants' assertions.

To begin, the Court is not convinced that consolidation alters fundamental jurisdictional requirements in the way that Defendants suggest. If Defendants' position is correct, a court with federal question jurisdiction over one case can exercise supplemental jurisdiction over any other related case—even a related case that was improvidently removed—so long as the court consolidates those cases together. Despite how revolutionary this procedural maneuver appears to be, the parties do not brief it thoroughly. And ultimately, the Court need not decide this novel question of law since § 1367(c) gives courts discretion to decline exercising supplemental jurisdiction in certain instances, like those present here. *See* 28 U.S.C. § 1367(c). As such, the Court leaves this question open for other courts to resolve, or perhaps for some bright law students to wrestle through on their next civil procedure exam.

Even if Defendants' Frankenstein approach to supplemental jurisdiction is allowable, it is not advisable in this case. Among other reasons, a court may decline to exercise supplemental jurisdiction if "the [supplemental] claim raises a novel or complex issue of State law" or if "the [supplemental] claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c). Both of those exceptions apply here. As previously discussed, this case presents a novel issue of Texas law that has divided courts and remains unaddressed by the Texas Supreme Court. Additionally, the Declaratory Judgment Action involves litigants seeking collateral relief from the claims brought against them in the State Action. Because the State Action raises a novel question of state law, and because the State Action substantially predominates over the Declaratory Judgment Action, the Court declines to exercise supplemental jurisdiction over the State Action.

*       *       *

Since the Court lacks original jurisdiction over the State Action, and because the Court declines to exercises supplemental jurisdiction over the State Action, the Court must remand the State Action to the 96th Judicial District Court of Tarrant County, Texas.

### c. The Court Should Not Exercise Continued Jurisdiction Over the Declaratory Judgment Claims

Having determined that the State Action must be remanded and having recognized that the Declaratory Judgment Action cannot be remanded, the Court now considers whether the Declaratory Judgment Action should continue, on its own, in this forum. The Court concludes that the Declaratory Judgment Action should not continue and that it should be dismissed.

"The Declaratory Judgment Act, 28 U.S.C. § 2201(a), 'is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant.'" *Sherwin-Williams Co. v.*

8

*Holmes Cnty.*, 343 F.3d 383, 389 (5th Cir. 2003) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)). "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id*. (quoting *Wilton*, 515 U.S. at 286). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id*. (quoting *Wilton*, 515 U.S. at 289).

In the Fifth Circuit, district courts consider the nonexclusive *Trejo* factors—which emphasize federalism, fairness, and efficiency—to evaluate whether to retain jurisdiction over a suit seeking declaratory relief. *Sherwin-Williams*, 343 F.3d at 390–92. More specifically, the seven *Trejo* factors are:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses;
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id*. at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir.1994)). The Court examines each of these factors.

First, once remand of the State Action is complete, there will be "a pending state action in which all of the matters in controversy may be fully litigated," given that the Declaratory Judgment Action plaintiffs are now defendants in that suit. *Sherwin-Williams*, 343 F.3d at 388. This factor counsels in favor of dismissal. Second, the plaintiffs did file the Declaratory Judgment Action in anticipation of being sued, given that their fear of suit is their stated reason for filing the

Declaratory Judgment Action.[14] But "without more, we cannot say that [the declaratory plaintiff's] action is an instance of forum-shopping instead of a reasonable assertion of its rights under the declaratory judgment statute and diversity jurisdiction." *Sherwin-Williams*, 343 F.3d at 398 (alteration in original and citation omitted).

Third, the Declaratory Judgment Action plaintiffs clearly preferred a federal forum, rather than a state forum. But since the State Action and the Declaratory Judgment Action were both filed in courts that will apply Texas law, it cannot be said that the Declaratory Judgment Action plaintiffs were forum shopping for more favorable law. Fourth, since the State Action was filed before the Declaratory Judgment Action, it would be inequitable to force the State Action plaintiffs to litigate their case in a forum other than the one they chose initially. However, the equitable harm is mitigated since the Declaratory Judgment Action plaintiffs were not yet defendants in the State Action at the time they filed in federal court. Fifth, since this Court and the 96th Judicial District Court of Tarrant County, Texas share overlapping territorial jurisdiction, either forum would be equally convenient for the parties.

Sixth, retaining this lawsuit would mean the State Action and the Declaratory Judgment Action would proceed in tandem with two different courts evaluating the same law and facts. That would not serve judicial economy. Finally, seventh, the state court has not yet issued any decrees that this Court would have to interpret. But if the suits proceeded in tandem, such conflicts would presumably arise. And even now, this Court is already being called upon to construe a conflicted area of Texas law. This final factor counsels in favor of dismissal.

On balance, this Court concludes that the *Trejo* factors favor dismissal. Indeed, "[e]ach circuit's test emphasizes that if the federal declaratory judgment action raises only issues of state

---

[14] Plaintiff's Original Complaint ¶ 37, *Hogan Dedicated Services, LLC and Hogan Personnel, LLC v. Antonio Lopez-Victorino, et al.*, No. 4:21-cv-01184-O (N.D. Tex. Oct. 27, 2021).

10

law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams*, 343 F.3d at 390–91. Here, the Declaratory Judgment Action raises only issues of Texas law and there will be a state case—namely the State Action—involving the same issues. Given this precedent and based on the Court's own analysis of the equities of this particular situation, the Court finds that the Declaratory Judgment action should be dismissed.

### IV.   CONCLUSION

For the reasons stated herein, the Court **ACCEPTS in part** and **REJECTS in part** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 124). Similarly, the Court **GRANTS in part** and **DENIES in part** the Joint Motion to Remand (ECF No. 34). Therefore, the Court hereby **REMANDS** all of Plaintiffs' and Intervenor's state court claims to the 96th Judicial District Court of Tarrant County, Texas. Furthermore, the Court hereby **DISMISSES** Defendants' claims seeking declaratory relief from this Court. Final Judgment shall issue.

**SO ORDERED** on this **23rd day** of **March, 2023**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE